■ BANK HAPOALIM, B.M., Respondent, v KOTTEN MACHINE CO. OF BROOKLYN, INC., et al., Defendants, and BRONEY GADMAN, Appellant.—Appeal of the defendant Broney Gadman from a judgment of the Supreme Court, New York County (Burton S. Sherman, J.), entered on October 10, 1985, which adjudged him liable to plaintiff (along with defendants Kotten Machine Co. of Brooklyn, Inc. and Kotten Machine Co. of California, Inc., which do not appeal) in the sum of $304,192.75, held in abeyance and the matter remanded for a traverse hearing.

Plaintiff began this action by a notice of motion for summary judgment in lieu of complaint returnable on December 30, 1980. Service was made only upon Kotten Machine Co. of Brooklyn, Inc., by serving the Secretary of State. By a decision dated January 15, 1981, the motion court granted the motion for summary judgment in lieu of complaint and directed the parties to settle an order. No order has been settled to date.

The decision of January 15, 1981 was not binding upon the individual defendant because, at that time, he had not been

served. According to an affidavit of service of William Flood, sworn to on March 26, 1981, the individual defendant was served with a summons and a "Notice of Motion for Summary Judgment in Lieu of Complaint, Affidavit & Exhibits" on March 25, 1981. By an affidavit sworn to on April 15, 1981, defendant Gadman asserted that the court lacked personal jurisdiction over him in that no summons had ever been served upon him personally or mailed to his residence or affixed to his door. Defendant has maintained this position during the course of several motions, including the motion for judgment which led to this appeal.

Because of the conflict as to whether service was properly made, the defendant was entitled to a traverse hearing. Accordingly, we remand for that purpose. Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.