■ MARIANO LUGO, Appellant, v RUBEN SANTIAGO, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated June 29, 1988, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

In May of 1984, the defendant and the plaintiff were involved in an automobile collision in which the plaintiff allegedly sustained personal injuries. Thereafter, on June 11, 1987, the plaintiff's process server allegedly made service of process pursuant to CPLR 308 (4) at an address which the defendant had provided to the Department of Motor Vehicles and to the police at the scene of the accident, i.e., 160 South First Street, apartment one, in Brooklyn.

On or about May 9, 1988, the defendant moved for summary judgment dismissing the complaint on the ground that the court lacked personal jurisdiction over him. In support of the motion, the defendant filed, *inter alia,* an affidavit in which he denied ever residing in the apartment at 160 South First Street where the service was allegedly made. In opposition to the motion, the plaintiff produced a document dated approximately a year after service was allegedly made, in which the defendant had listed 160 South First Street, apartment one as his address with the Department of Motor Vehicles. The court granted the motion to dismiss without opinion. We reverse.

According to the defendant's affidavit, he did not reside at 160 South First Street in Brooklyn at the time service was attempted. Despite this sworn denial, however, the record indicates that this was the very same address he provided to the police after the accident and to the Department of Motor Vehicles on his driver's license and license plate registration forms some time after service was allegedly made. The foregoing leads us to conclude that a question of fact exists as to whether service was properly made, thereby necessitating that a hearing be conducted with respect to this issue *(cf., Mitchell v Mendez,* 107 AD2d 737).

Moreover, we find no merit to the defendant's contention that the plaintiff's process server failed to exercise "due diligence" prior to attempting service of process upon the defendant pursuant to CPLR 308 (4). Accordingly, the matter is remitted for a hearing *(see, e.g., Bank Hapoalim v Kotten Mach. Co.,* 130 AD2d 428). Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.