OPINION OF THE COURT
Louis B. York, J.
This decision addresses the constantly recurring problem of what constitutes sufficient allegations of the reasons for nonrenewal under rent stabilization to uphold a notice of nonrenewal.
Respondent moves to dismiss the petition in this holdover proceeding on the ground that the notice of nonrenewal is *293 defective pursuant to Rent Stabilization Code § 2524 (b) (9 NYCRR 2524.2 [b]). Respondent contends that the notice fails to set forth the facts necessary to establish the existence of a ground for nonrenewal regarding the tenant’s alleged failure to use the subject apartment as her primary residence. Petitioner, however, contends that the notice is indeed sufficient in that it states, in relevant part, that, "you have sublet and/ or assigned your right of occupancy to another or others to wit: Ira Sacks, James Myerson * * * The landlord believes that you are residing in the state of Florida as your primary or principal place of residence.” A review of the recent decisions in this area leads to the conclusion that the notice is sufficient and, therefore, the respondent’s motion is denied.
Rent Stabilization Code § 2524.2 (b) provides that, "Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground under section 2524.3 or 2524.4 of this Part, upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground”. In applying this section, courts have been careful to insure that the notice does not merely track the statute and offer bare conclusory allegations. Rather, the notice must offer specific facts upon which the alleged ground is based so as to provide the tenant with sufficient notice of the case against him/her. (Kaycee W. 113th St. v Diakoff, 160 AD2d 573 [1st Dept 1990]; Berkeley Assocs. Co. v Camlakides, NYLJ, Feb. 15, 1990, at 26, col 4 [App Term, 1st Dept]; First Sterling Corp. v Zurkowski, 142 Misc 2d 978 [App Term, 1st Dept 1989].)
Several recent decisions have specifically dealt with the issue of the sufficiency of notices where the ground for nonrenewal is that the subject premises is alleged to be the tenant’s nonprimary residence. In Melohn v Doyle (NYLJ, July 18, 1990, at 20, col 5 [Civ Ct, NY County]), the petitioner’s notice included the statement that, " T. Larry Doyle has not been residing at apartment 19A at 100 Riverside Drive, New York, NY, for over six (6) months.’ ” The court dismissed the proceeding and concluded that "[although the notice, by repetition, attempts to appear more complete, it is devoid of factual allegations.” (Supra, at 20, col 5.) Thus, the notice failed to inform the respondent of the basis for the ensuing proceeding.
In Future Assets v Evans (NYLJ, May 30, 1990, at 23, col 2 [Civ Ct, NY County]), the notice stated in pertinent part that, " 'The apartment is not your primary residence. You have vacated the apartment and have allowed Ana Osmanli posses *294 sion thereof.’ ” The court dismissed the proceeding and stated that the notice consisted of nothing but the "barest conclusory statements.” (Supra, at 23, col 2.)
However, in Rose Assocs. v Lewandowski (NYLJ, Nov. 1, 1989, at 21, col 1 [App Term, 1st Dept]), the court held the notice to be sufficient and upheld the petition where the notice contained allegations that the tenant is "using” two addresses as her primary residence other than the subject apartment, one in Florida and the other in Manhattan.
In the instant matter, although boilerplate language does pervade the notice, it does set forth sufficient facts to satisfy the requirements of Rent Stabilization Code § 2524.2 (b). The notice contains not only an allegation that the respondent has sublet the apartment but it also alleges that the respondent now maintains her primary residence in Florida. Either allegation by itself would not constitute the "facts necessary to establish the existence” of the nonprimary residence ground. However, the allegations together provide sufficient facts to place the respondent on notice of the petitioner’s claims against her. While the information available to the respondent in the notice is admittedly sparse, enlightenment can be achieved under the liberal discovery allowed in primary residence cases. (New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983]; Antillean Holding Co. v Lindley, 76 Misc 2d 1044 [Civ Ct, NY County 1973.) Thus, the respondent’s motion is denied and this matter is set for trial in Part 18 on January 8, 1991 at 9:30 a.m.