OPINION OF THE COURT
Edward D. Carni, J.
*575 Defendant Thomas Keating brings this order to show cause seeking an order restraining the plaintiff, Jane Doe, and her counsel, John A. Aretakis, Esq., from discussing, talking about, or distributing materials or documents concerning this case with any members of the media. Defendant Keating also seeks an order directing a traverse hearing on the issue of this court’s personal jurisdiction over defendant Keating.
Procedural History
Originally, defendant Keating had moved, by notice of motion dated March 15, 2004, for an order dismissing plaintiff’s complaint pursuant to CPLR 306-b upon the ground that plaintiff had not served the summons and complaint upon defendant Keating within the 120 days called for in that statute.[1] That motion was returnable on April 28, 2004 before the Honorable William Roy, J.S.C. Based upon the papers before him at that time, and in the absence of any counsel on behalf of plaintiff at oral argument, Judge Roy granted defendant Keating’s motion from the bench. Subsequently, based upon papers received after the bench decision, Judge Roy withdrew his bench decision and the motion remained pending.[2] Additionally, because the attorney appearing for the Diocese of Syracuse was a personal friend, Judge Roy recused himself and the entire matter was transferred to this court.
In an attorney’s affirmation filed in the Supreme Court Clerk’s office on April 26, 2004, attorney Aretakis attached an affirmation of service which indicated that defendant Keating was personally served (by Mr. Aretakis) on March 20, 2004. This created a further complication because the action was commenced by filing on March 19, 2003. Therefore, according to Mr. Aretakis’s affirmation of service (which does not indicate its date of execution), defendant Keating was served one year and one day after commencement, or more than the 120 days provided for in CPLR 306-b.
Thereafter, in an affirmation filed with the Supreme Court Clerk on April 30, 2004, Mr. Aretakis stated: “On April 26, 2004 at approximately 11:04 a.m. in the morning, I sent out the attached letter (Exhibit ‘A’) stating a typographical error resulted *576 in the Affirmation of Service stating service occurred in 2004 when in reality it was in 2003.”
By letter dated April 29, 2004, Judge Roy advised counsel for both parties that the court would reconsider its oral decision to dismiss the action against defendant Keating, which was predicated on Mr. Aretakis’s affirmation of service which Mr. Aretakis now asserts contained an incorrect date.
Defendant Keating’s counsel, Barry Abbott, Esq., wrote the court on May 4, 2004 and indicated as follows: “Mr. Aretakis’ ‘amendment’ transforms the procedural issue raised from CPLR 306-b to CPLR 3211 (a) (8). In the event Mr. Aretakis complies with the Court’s recent letter, I respectfully suggest that a traverse is required.”
Thereafter, on May 10, 2004, this court signed the aforementioned order to show cause which brought on defendant Keating’s request for the relief now at issue. The portion of defendant Keating’s motion seeking a traverse hearing was based upon defendant Keating’s reply affidavit sworn to on April 26, 2004. In that affidavit, defendant Keating states: “I have never been served with the Summons and Complaint or the Amended Complaint.”[3]
In an attorney’s affirmation dated May 28, 2004, Mr. Aretakis attached an “Amended Affirmation of Service” of the summons and complaint upon defendant Keating.[4] Defendant Keating has submitted a supplemental affidavit sworn to on May 27, 2004. In this affidavit, defendant Keating states that Mr. Aretakis did not serve him with any pleading on March 20, 2003.[5] Therefore, the court will determine this motion on CPLR 3211 (a) (8) grounds in light of defendant Keating’s assertion that he was not served with the summons and complaint on March 20, 2003 *577 and Mr. Aretakis’s assertion that he personally served defendant Keating on that date.
Legal Analysis
A. Personal Jurisdiction of Defendant Keating
The plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process (Bankers Trust Co. of Cal., N.A. v Tsoukas, 303 AD2d 343 [2d Dept 2003]). A process server’s sworn affidavit of service ordinarily constitutes prima facie evidence of proper service pursuant to CPLR 308 (id.). Where, however, there is a sufficient sworn denial of receipt by the defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (Bank of Am. Natl. Trust & Sav. Assn. v Herrick, 233 AD2d 351, 352 [2d Dept 1996]; Bankers Trust v Tsoukas, 303 AD2d at 344).
However, it is also well settled that a mere claim of improper service without more is insufficient to rebut an affidavit of service. A sworn affidavit alleging the particulars concerning why service is improper is required (Nussbaum Resources v Gilmartin, 195 Misc 2d 145, 146 [Civ Ct, NY County 2003], citing De Zego v Donald F. Bruhn, M.D., P.C., 67 NY2d 875 [1986]; Hinds v 2461 Realty Corp., 169 AD2d 629 [1st Dept 1991]; Frankel v Schilling, 149 AD2d 657 [2d Dept 1989]). In the absence of an affidavit with sufficient particularity as to why service was not made or was improper, a traverse hearing is not appropriate and the motion to dismiss for lack of personal jurisdiction should be denied (Nussbaum Resources v Gilmartin, 195 Misc 2d at 145, and cases cited therein). A conclusory denial of service is insufficient as a matter of law to raise an issue of fact necessitating a traverse hearing (Matter of Shaune TT. [Terri SS.], 251 AD2d 758, 759 [3d Dept 1998]).
Here, Mr. Aretakis’s affirmation of service states that he served defendant Keating “at Holy Rosary Church in Maine, New York on March 20, 2003 at 4:00 p.m.” Defendant Keating admits in his affidavit of May 27, 2004 that he spent “March 20, 2003, in the parish office at Holy Rosary Church in Maine, New York.”
Mr. Aretakis’s affirmation of service also contains a description of defendant Keating which is not in any manner disputed by defendant Keating.
*578 Defendant Keating has submitted the affidavit of Eloise Spak, the parish secretary for Holy Rosary Church in Maine, New York, on March 20, 2003. In essence, Ms. Spak’s affidavit indicates that she was present at the parish office all day on March 20, 2003 and left sometime after 4:40 p.m. She indicates that defendant Keating was in his private office in the rectory through the afternoon of March 20, 2003. Ms. Spak concludes her affidavit by stating that at no time did Mr. Aretakis enter or “deliver documents of any sort to the parish office on the afternoon of March 20, 2003 or at any time while I was in the parish office.”
Mr. Aretakis asserts that Ms. Spak’s affidavit is irrelevant since he did not enter the parish office or building.
Defendant Keating states that “At no time on March 20, 2003 (or on any other date) did Mr. Aretakis, or anyone else, deliver anything to me.”
Here, the court finds that, collectively, defendant Keating’s proof on the issue of denial of personal service is sufficient to raise a question of fact as to whether defendant Keating was served with the summons and complaint on March 20, 2003 as alleged by Mr. Aretakis. Accordingly, the court finds that defendant Keating is entitled to a traverse hearing on the issue of personal service of the summons and complaint on March 20, 2003.
Plaintiff further argues that even if this court finds that defendant Keating was not personally served in accordance with CPLR 308, jurisdiction has been obtained because defendant Keating had actual notice of the suit. There is no dispute that defendant Keating was aware of the lawsuit as early as April 2003 in that he had retained Emil M. Rossi, Esq. to represent his interests in the action. Mr. Rossi’s affidavit of May 20, 2004 indicates that on April 6, 2003, defendant Keating had written him to advise that he had not been served with process.
This “actual notice” argument has been advanced and rejected a number of times by the courts of this state. It is well settled that service is only effective when it is made pursuant to the appropriate method authorized by the CPLR. Actual notice alone will not sustain the service or subject a person to the court’s jurisdiction when there has not been compliance with prescribed conditions of service (Markoff v South Nassau Community Hosp., 61 NY2d 283, 288 [1984]; Bankers Trust Co. of Cal., N.A., 303 AD2d 343, 344 [2d Dept 2003]).
*579 Accordingly, the court finds that defendant Keating’s actual notice of the commencement and existence of this action cannot serve as a basis for personal jurisdiction in the absence of proper service under the CPLR. The traverse hearing ordered herein will determine whether the court has obtained personal jurisdiction of defendant Keating under the service of process circumstances advanced by plaintiff.
B. Defendant’s Request for a “Gag” Order
Defendant Keating seeks a “gag” order restraining the plaintiff and her counsel, John A. Aretakis, Esq., from “talking about, or distributing materials or documents concerning this case with any members of the media.” The basis for this application, according to defendant Keating’s counsel, is DR 7-107 (22 NYCRR 1200.38), “Trial publicity.” This provision of the Code of Professional Responsibility prohibits a lawyer in a civil matter from making an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in that matter.
Initially, DR 7-107 only applies to lawyers and defendant Keating’s application, to the extent it seeks a “gag” order against plaintiff on this ground, is without merit and is therefore denied.
Turning to defendant Keating’s application against Mr. Aretakis, the court notes that DR 7-107 (b) contains a list of the type of statements likely to prejudice materially an adjudicative proceeding when it refers to a civil matter triable to a jury. The only paragraphs which arguably apply to the issues before the court are paragraphs (1) and (5).
Paragraph (1) finds a statement to be materially prejudicial if it relates to: “(1) The character, credibility, reputation or criminal record of a party, suspect in a criminal investigation or witness, or the identity of a witness, or the expected testimony of a party or witness.”
Paragraph (5) finds a statement to be materially prejudicial if it relates to: “(5) Information the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudicing an impartial trial.”
Addressing paragraph (5) first, the court finds that defendant Keating has made no attempt to argue or point out to the court that any statement by Mr. Aretakis contains inadmissible evi *580 dence. Even if defendant Keating advanced such an inadmissibility argument, he would still have the burden of proving that such inadmissible evidence would create a substantial risk of prejudicing an impartial trial. No legal or factual argument, beyond a mere conclusion, was offered by defendant Keating on this point. Accordingly the court finds that there is no basis for a “gag” order under the provisions of DR 7-107 (b) (5).
Turning to paragraph (1), the court points out that DR 7-107 (c) contains a list of a number of areas about which a lawyer may make public comment. To the extent relevant here, these include:
“(1) The general nature of the claim or defense.
“(2) The information contained in a public record.
“(3) That an investigation of the matter is in progress.
“(4) The scheduling or result of any step in litigation.
“(5) A request for assistance in obtaining evidence and information necessary thereto.
“(6) A warning of danger concerning the behavior of a person involved, when there is a reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest.”
It appears from the papers submitted in support of defendant Keating’s order to show cause that the provision of plaintiffs verified bill of particulars to the press by Mr. Aretakis on May 4, 2004 was a significant factor in causing defendant Keating to bring this application. Defendant Keating attached the plaintiffs bill of particulars to his moving papers and then filed those with the County Clerk. This act, by defendant Keating, made the bill of particulars a public record.[6] It is hard for the court to reconcile defendant Keating’s concern about Mr. Aretakis’s allegedly prejudicial disclosure with the voluntary filing of the bill of particulars in the County Clerk’s office.
There can be no dispute that the information contained in the summons and complaint constitutes public information as those documents are required to be filed in the County Clerk’s office.
*581 Defendant Keating has not provided the court with any legal authority supporting the proposition that a “gag” order is an appropriate remedy in a civil action such as this. DR 7-107 is a disciplinary provision, the appropriate remedy for a violation thereof being a disciplinary complaint against the offending attorney. This is not to suggest that the court finds Mr. Aretakis to be in violation of this provision as the adjudication of that issue is not before the court and the court expresses no view thereupon.
Defendant Keating, beyond conclusory assertions of material prejudice, has made no attempt to support this application with an evidentiary showing that the trial of this action has been materially prejudiced by any publicity generated through Mr. Aretakis’s efforts.
It is worth pointing out that defendant Keating has made liberal and aggressive use of the press in advancement of his position in this action. In this regard, the court is mindful that DR 7-107 (a) permits a lawyer to make a statement that a reasonable lawyer would believe is required to protect a client from the substantial prejudicial effect of recent publicity not initiated by the lawyer or the lawyer’s client. Such a statement shall be limited to such information as is necessary to mitigate the recent adverse publicity.
In this case, defendant Keating’s attorney issued a press release on February 16, 2004 which has, as one of its main themes, what can only be described as an unnecessary personal attack upon Mr. Aretakis’s character and credibility. Additionally, this press release contains information subtly crafted to, in this court’s view, unnecessarily reveal the identity of the plaintiff Jane Doe and to attack the integrity and character of the managing editor of a local newspaper. This press release was provided to the Syracuse Post-Standard, the Binghamton Press, the Cortland Standard, the New York Times and the New York Post.
In light of the foregoing, this court is of the view that defendant Keating is not free from the performance of the same behaviors about which he presently complains.
Lastly, the court has carefully reviewed the New York decisional authorities that have discussed and applied DR 7-107. Nearly all of the cases involving the issuance of a “gag” order under DR 7-107 take place in the criminal context and involve restraints upon the involved prosecutor or the criminal defense attorney (see, e.g., People v Buttafuoco, 158 Misc 2d 174 [Nassau *582 Dist Ct 1993]; People v Hodges, 172 Misc 2d 112 [1997]).[7] There is no controlling precedent in this jurisdiction for the issuance of a “gag” order in the civil context presented here and defendant Keating has not provided this court with any controlling or persuasive authority to the contrary.[8]
In light of the foregoing, the court finds that defendant Keating has failed to meet his burden of establishing both the factual and legal basis for the issuance of a “gag” order as requested in this civil action under DR 7-107 and therefore, that application is denied in its entirety.

. Defendant Keating’s original motion was also based upon an allegation that an affidavit of personal service had not been filed in the County Clerk’s office. However, the mandatory filing of proof of service was revoked effective January 1, 1998 by the adoption of a new CPLR 306-b.

. Judge Roy issued a letter decision dated May 4, 2004 to this effect.

. This affidavit also rebuts the allegation that defendant Keating was served on March 20, 2004. According to defendant Keating, he was in Buffalo, New York, on March 20, 2004.

. This copy of the affirmation is conformed but not signed. However, defendant Keating has not raised any objection thereto and Mr. Abbott agreed at oral argument on May 20, 2004 that the original affirmation of service, together with Mr. Aretakis’s affirmation of April 27, 2004 correcting the typographical error in the year of service, corrected the defective date of service. Mr. Abbott indicated at oral argument that his client was beyond objecting on a CPLR 306-b basis and was seeking to transform the motion to one under CPLR 3211 (a) (8) (see, transcript of oral argument of May 20, 2004 at 8-9).

. There is no dispute that Mr. Aretakis was in the central New York area on March 20, 2003 as defendant Keating points out that Mr. Aretakis held a “press conference” on the Onondaga County courthouse steps that day.

. There is no statutory requirement that a bill of particulars be filed with the County Clerk at any stage of a civil action. Defendant Keating could have requested an in camera review of this document by the court as a means to avoid making it a public record at this juncture.

. The risk of deprivation of liberty and other criminal sanctions substantially enhance the need to take all actions necessary to protect a criminal defendant’s right to a fair and impartial trial.

. Defendant Keating did not provide the court with a memorandum of law in support of the application for a “gag” order.