■ ARIE FRANKEL, Respondent, v KARL F. SCHILLING, Appellant.—In an action to recover damages for breach of contract the defendant appeals (1) from an order of the Supreme Court, Nassau County (Roncallo, J.), dated November 6, 1987, which denied his motion to vacate a default judgment, and (2), as

limited by his brief, from so much of an order of the same court dated January 12, 1988, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 6, 1987, is dismissed, as that order was superseded by the order dated January 12, 1988, made upon reargument; and it is further,

Ordered that the order dated January 12, 1988, is reversed insofar as appealed from, the order dated November 6, 1987, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether process was properly served; and it is further,

Ordered that the defendant is awarded one bill of costs.

In July of 1987 the plaintiff engaged a process server in order to serve process on the defendant. As disclosed by the process server's affidavit of service, service pursuant to CPLR 308 (2) was attempted by delivering the summons and complaint at 7 Westchester Drive in Rocky Point to one "Arlene Schilling", who allegedly identified herself as the defendant's wife and whose appearance was recounted by the process server's affidavit as a blonde, white, female, aged 32, 5 feet, 2 inches in height and 115 pounds. The process server also mailed a copy of the summons and complaint to the foregoing address.

Subsequently—and after the defendant's time to answer had expired—the defendant moved to vacate his default, arguing that the plaintiff's service of process pursuant to CPLR 308 (2) was defective. In his affidavit, the defendant asserted, *inter alia,* that (1) he maintained no residence at the address specified in the process server's affidavit, (2) his wife never received process at that address, (3) his wife's name was not "Arlene" but rather "Karen", and (4) that her physical attributes, in terms of hair color, weight and height, differed materially from those recounted in the service affidavit. According to the defendant, his wife was brunette, 31 years of age, 5 feet, 7 inches in height and approximately 150 pounds. The defendant alternately moved to vacate his default pursuant to CPLR 317 and 5015, contending that he possessed a meritorious defense and reasonable excuse for his default.

Without addressing the defendant's contentions with respect to the validity of service, the Supreme Court denied the motion to vacate. The court granted the defendant's subsequent motion to reargue, but adhered to its prior determination. The defendant now appeals. We reverse and remit the

matter for a hearing to determine whether process was properly served.

We note, initially, that " 'it is the plaintiff who bears the ultimate burden of proving by preponderating evidence that jurisdiction over the defendant was obtained' " *(Torres v Corpus,* 131 AD2d 463, 464, quoting *Powell v Powell,* 114 AD2d 443, 444; *Kaszovitz v Weiszman,* 110 AD2d 117, 119). As this court has observed, "[o]rdinarily, a proper affidavit of a process server attesting to personal delivery of a summons to a defendant is sufficient to support a finding of jurisdiction" *(Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139; *see also, Gordon v Nemeroff Realty Corp.,* 139 AD2d 492, 493). It is well settled, however, that where "there is a sworn denial of service by the defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" *(Skyline Agency v Ambrose Coppotelli, Inc., supra,* at 139; *see also, De Zego v Donald F. Bruhn, M.D., P. C.,* 67 NY2d 875, 877; *Anton v Amato,* 101 AD2d 819). Further, while the defendant eventually acquired actual notice of the lawsuit, "[a]ctual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service" *(Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288; *Donaldson v Melville,* 124 AD2d 361, 362, *lv denied* 69 NY2d 604).

Here, the defendant has asserted that the court lacked personal jurisdiction over him in that no summons was served upon him personally or mailed to his residence, and the person identified as his wife in the process server's affidavit of service—with whom a copy of the summons was allegedly left —never received such process. Further, the defendant has averred that the described appearance of the person identified as his wife by the incorrect name "Arlene" differed materially from his wife's actual appearance and has further noted that the process server's affidavit erroneously identified the location at which service occurred as the defendant's "dwelling" when, in fact, the defendant's residence was located elsewhere.

In light of the foregoing, we conclude that there exists a conflict with respect to whether service was properly made, and that the defendant was, therefore, entitled to a hearing on this issue *(see, e.g., De Zego v Donald F. Bruhn, M.D., P. C., supra; Bank Hapoalim v Kotten Mach. Co.,* 130 AD2d 428, 429). Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.