■ BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, Respondent, v JOHN HERRICK et al., Appellants, et al., Defendants. [650 NYS2d 754] —In an action to foreclose a mortgage, the defendants John Herrick and Raina Herrick appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), entered July 13, 1995, which granted the plaintiff's motion for summary judgment, and denied their cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, and the cross motion is granted to the extent that the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether process was properly served.

It is well established that the burden of proving that personal jurisdiction was acquired rests at all times upon the plaintiff in the action. Ordinarily, a proper affidavit of a process server attesting to personal delivery of a summons to a defendant is suf-

ficient to support a finding of jurisdiction. Where, however, there is a sworn denial of receipt by the defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing. Moreover, even if a defendant eventually acquires actual notice of the lawsuit, actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service (see, Frankel v Schilling, 149 AD2d 657; Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135).

Here the appellants submitted an affidavit by John Herrick stating that he found two copies of the summons and complaint wedged in the front door of his residence. He stated that he was never personally served with the summons and complaint either on his own behalf, or on behalf of his wife. He stated that he did not receive any papers other than those wedged in his front door. This rebuts the allegations contained in the affidavits of service submitted by the plaintiff. In light of the foregoing, we conclude that there exists a conflict with respect to whether service was properly made, and that the appellants are, therefore, entitled to a hearing on this issue (see, Frankel v Schilling, supra). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.