■ NEW ISLAND INVESTORS, Plaintiff, and ROBERT C. HATFIELD et al., Appellants, v MYRTLE WYNNE, Respondent, et al., Defendants. [674 NYS2d 593] —In an action to foreclose a mortgage, the plaintiffs Robert C. Hatfield and Esther Hatfield appeal, by permission, from an order of the Supreme Court, Queens County (Posner, J.), dated November 27, 1996, which directed a hearing on the issues of whether the defendant Myrtle Wynne was served with the summons and complaint, and whether attorney Erlich A. Eastman had authority to appear on her behalf.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, the Supreme Court properly directed a hearing to resolve the issue of whether the defendant Myrtle Wynne was properly served with process in

this action. Although a proper affidavit of service attesting to personal delivery of a summons to a defendant is ordinarily sufficient to support a finding of jurisdiction, where, as here, it is claimed that personal service was effected and there is a sworn denial of receipt by the defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (*see, Bank of Am. Natl. Trust & Sav. Assn. v Herrick,* 233 AD2d 351; *Coolidge-Island Equities Ltd. Partnership v Nicholas,* 226 AD2d 577; *Greenpoint Sav. Bank v Mione,* 213 AD2d 375). Furthermore, since the unauthorized appearance of an attorney is insufficient to confer jurisdiction (*see, Greenpoint Sav. Bank v Mione, supra; Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135), the Supreme Court properly determined that the factual dispute regarding whether Wynne authorized an attorney to appear on her behalf in the foreclosure action should be resolved at the hearing.

The appellants' remaining contentions are without merit. Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.