■ BANKERS TRUST COMPANY OF CALIFORNIA, N.A., Respondent, v STEVE TSOUKAS, Appellant, et al., Defendants. [756 NYS2d 92] —In an action to foreclose a mortgage, the defendant Steve Tsoukas appeals from (1) an order of the Supreme Court, Richmond County (Gigante, J.), dated February 28, 2002, which denied his motion to dismiss the complaint insofar as asserted against him on the ground of improper service, and granted the plaintiff's cross motion to strike his answer and for summary judgment, and (2) a judgment of foreclosure and sale of the same court, dated July 26, 2002, which, inter alia, directed the sale of the mortgaged premises.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, and the matter is remitted to the Supreme Court, Richmond County, for a hearing, to be held with all convenient speed, to determine whether personal jurisdiction was properly obtained over the defendant Steve Tsoukas.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

CPLR 308 (2) authorizes service, inter alia, by delivery of the summons and complaint within the state to a person of suitable age and discretion at the defendant's dwelling place and mailing the summons to the defendant's last known residence. The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process (*see Frankel v Schilling,* 149 AD2d 657, 659 [1989]). A process server's sworn

affidavit of service ordinarily constitutes prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Kaywood v Cigpak, Inc.,* 258 AD2d 623 [1999]; *Manhattan Sav. Bank v Kohen,* 231 AD2d 499, 500 [1996]). Where, however, as in this case, there is a sworn denial that delivery to the defendant was accomplished, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (*see Bank of Am. Natl. Trust & Sav. Assn. v Herrick,* 233 AD2d 351, 352 [1996]; *Frankel v Schilling, supra*). Even if a defendant eventually acquires actual notice of the lawsuit, actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service (*see McDonald v Ames Supply Co.,* 22 NY2d 111 [1968]; *Bank of Am. Natl. Trust & Sav. Assn. v Herrick, supra; Frankel v Schilling, supra*).

In support of its motion for summary judgment, the plaintiff submitted the affidavit of service in the underlying action, which established, prima facie, that the appellant was properly served pursuant to CPLR 308 (2). However, the appellant submitted the affidavit of his wife, in which she averred that the process server threw a copy of the pleadings at the steps of the closed back door of the appellant's home without any explanation of the nature of those documents.

Contrary to the determination of the Supreme Court, the element of delivery pursuant to CPLR 308 (2) was not satisfied by the allegations contained in the affidavits submitted by the appellant. A process server may satisfy the delivery requirement "by leaving a copy of the summons outside the door of the person to be served upon refusal of 'a person of suitable age and discretion' to open the door to accept it, provided the process server informs the person to whom delivery is being made that this is being done" (*Bossuk v Steinberg,* 58 NY2d 916, 918 [1983], quoting CPLR 308 [2]). A defendant can rebut a process server's affidavit by a detailed and specific contradiction of the allegations in the process server's affidavit. Here, a conflict exists as to whether service was properly made, and the appellant is, therefore, entitled to a hearing on this issue (*see Bank of Am. Natl. Trust & Sav. Assn. v Herrick, supra* at 352; *Frankel v Schilling, supra*). In light of this determination, at this juncture, we do not reach the appellant's remaining contentions. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.