■ MORTGAGE ACCESS CORP., Doing Business as WEICHERT FINANCIAL SERVICES, Respondent, v FELECIA WEBB, Appellant, et al., Defendants. [784 NYS2d 116]—

In an action to foreclose a mortgage, the defendant Felecia Webb appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered September 12, 2003, as, upon granting the plaintiff's motion for leave to reargue her prior motion to vacate a judgment of foreclosure and sale of the same court entered January 6, 2003, upon her default in answering, which motion had been granted in an order of the same court entered March 3, 2003, and upon reargument, among other things, denied her motion to vacate the judgment of foreclosure and sale.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine whether the appellant was properly served and for a new determination of the motion to vacate thereafter.

Where, as here, the appellant submitted a sworn denial that she was served with process pursuant to CPLR 308 (2), the affidavit of service was rebutted and the plaintiff was required to establish jurisdiction by a preponderance of the evidence at a hearing (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2003]; *Bank of Am. Natl. Trust & Sav. Assn. v Herrick*, 233 AD2d 351, 352 [1996]; *Frankel v Schilling*, 149 AD2d 657, 659 [1989]). Actual notice of the lawsuit alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with the prescribed conditions of service (*see Bankers Trust Co. of Cal. v Tsoukas, supra*). Accordingly, the appellant was entitled to a hearing on this issue (*see Bankers Trust Co. of Cal. v Tsoukas, supra*). Thus, we remit the matter to the Supreme Court, Westchester County, for a hearing to determine whether the appellant was properly served and for a new determination of the motion to vacate thereafter. Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.