WELLS FARGO BANK, NA, Respondent, v YVONNE CHAPLIN, Appellant et al., Defendants. [884 NYS2d 254]—

In an action to foreclose a mortgage, the defendant Yvonne Chaplin appeals from (1) an order of the Supreme Court, Queens County (Agate, J.), dated December 4, 2007, which denied her motion, in effect, to vacate her default in appearing or answering the complaint, and (2) an order of the same court dated June 5, 2008, which denied her motion for leave to reargue and renew.

Ordered that the order dated December 4, 2007 is reversed, on the law, and the matter is remitted to the Supreme Court,

Queens County, for a hearing to determine whether the appellant was properly served and thereafter for a new determination of the motion to vacate her default in appearing or answering the complaint; and it is further,

Ordered that the appeal from the order dated June 5, 2008 is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]; *Bank of Am. Natl. Trust & Sav. Assn. v Herrick*, 233 AD2d 351 [1996]; *Frankel v Schilling*, 149 AD2d 657, 659 [1989]). Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service (*see Household Fin. Realty Corp. of N.Y. v Brown*, 13 AD3d 340 [2004]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344; *Frankel v Schilling*, 149 AD2d 657, 659 [1989]; *see also New Is. Invs. v Wynne*, 251 AD2d 560 [1998]). However, where there is a sworn denial that a defendant was served with process, the affidavit of service is rebutted, and the plaintiff must establish jurisdiction at a hearing by a preponderance of the evidence (*see Mortgage Access Corp. v Webb*, 11 AD3d 592, 593 [2004]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344; *Kingsland Group v Pose*, 296 AD2d 440 [2002]; *Balancio v Santorelli*, 267 AD2d 189 [1999]; *New Is. Invs. v Wynne*, 251 AD2d 560 [1998]; *Bank of Am. Natl. Trust & Sav. Assn. v Herrick*, 233 AD2d at 352).

Here, the plaintiff allegedly effected service upon the appellant pursuant to CPLR 308 (2) on April 23, 2007 by delivering the summons and complaint to a person of suitable age and discretion, who was identified as Marilyn Matheson, at the appellant's residence in Queens. In support of her motion, in effect, to vacate her default in appearing or answering the complaint, the appellant submitted an affidavit from Matheson averring that the summons and complaint had never been delivered to her, and that she was in Pawling, New York, in April 2007. Although Matheson's affidavit did not specify that she was in Pawling on April 23, 2007 when process allegedly was delivered to her in Queens, the appellant submitted additional evidence to substantiate her claim that Matheson was in Pawling that day, including a letter from a physician who treated Matheson for flu symptoms. The appellant's submissions also indicated that Matheson's physical appearance varied significantly from the description set forth in the affidavit of service. Under these circumstances, the appellant is entitled to

a hearing on the issue of whether service was properly effected pursuant to CPLR 308 (2) (*see Zion v Peters*, 50 AD3d 894 [2008]; *Mortgage Access Corp. v Webb*, 11 AD3d at 593; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344). Thus, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the appellant was properly served and thereafter for a new determination of the motion to vacate.

The appeal from so much of the order dated June 5, 2008 as denied that branch of the appellant's motion which was for leave to reargue must be dismissed, since no appeal lies from an order denying reargument. The appeal from so much of the order dated June 5, 2008 as denied that branch of the appellant's motion which was for leave to renew must be dismissed as academic in light of our determination on the appeal from the order dated December 4, 2007. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.