WASHINGTON MUTUAL BANK, Respondent, v OSCAR HOLT, III, Appellant, et al., Defendants. [897 NYS2d 148]—

In an action to foreclose a mortgage, the defendant Oscar Holt, III appeals from an order of the Supreme Court, Queens County (Cullen, J.), entered January 26, 2009, which denied his motion to vacate the judgment of foreclosure and sale and to vacate the sale of the real property.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant Oscar Holt, III was properly served with process, and thereafter for a new determination of his motion to vacate the judgment of foreclosure and sale and to vacate the sale of the real property.

The burden of proving that personal jurisdiction has been acquired over the defendant Oscar Holt, III in this mortgage foreclosure action rests with the plaintiff (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]; *Bank of Am. Natl. Trust & Sav. Assn. v Herrick*, 233 AD2d 351 [1996]). In opposition to Holt's motion to vacate the judgment of foreclosure and sale, the plaintiff submitted the process server's affidavit of service. Generally, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service (*see Household Fin. Realty Corp. of N.Y. v Brown*, 13 AD3d 340 [2004]). However, Holt's sworn denial that he was served by the

plaintiff's process server and submission of proof of unexplained, serious irregularities in the service of the reputed tenants of the foreclosed property involving the same process server has rebutted this presumption of proper service. In light of Holt's denial of receipt of the summons and complaint served pursuant to CPLR 308 (4) and the submission of an affidavit raising bona fide concerns involving the veracity of the process server, a hearing is required to determine, by a preponderance of the evidence, if the process server acted with due diligence before resorting to "nail and mail" service pursuant to CPLR 308 (4) (see *Mortgage Access Corp. v Webb*, 11 AD3d 592, 593 [2004]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2003]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.