■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v ROBIN PESTANO et al., Defendants, and FLORENCE GLAY, Respondent. [899 NYS2d 269]—

In action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated March 25, 2009, which, upon a decision of the same court (Archer, J.H.O.), dated January 29, 2009, made after a hearing, finding that service of process was improper, granted the motion of the defendant Florence Glay to vacate a judgment of foreclosure and sale of the same court entered June 14, 2007.

Ordered that the order is affirmed, with costs.

A process server's affidavit of service ordinarily constitutes prima facie evidence of proper service (see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343-344 [2003]; Bank of Am. Natl. Trust & Sav. Assn. v Herrick, 233 AD2d 351, 351-352 [1996]). However, where there is a sworn denial of receipt of

process, the affidavit of service is rebutted, and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (*see Wells Fargo Bank, NA v Chaplin*, 65 AD3d at 589; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344; *Bank of Am. Natl. Trust & Sav. Assn. v Herrick*, 233 AD2d at 352). Here, the sworn denial of the defendant Florence Glay (hereinafter the defendant) that her daughter was not staying at her home on the date service allegedly was made on her rebuts the process server's affidavit of service (*see Wells Fargo Bank, NA v Chaplin*, 65 AD3d at 588; *Kingsland Group v Pose*, 296 AD2d 440 [2002]; *European Am. Bank & Trust Co. v Serota*, 242 AD2d 363, 364 [1997]; *LeFevre v Cole*, 83 AD2d 992 [1981]). Accordingly, the Supreme Court correctly directed a hearing on the issue of service.

In reviewing a determination made by a hearing court, the power of the Appellate Division is as broad as that of the hearing court and it may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing and hearing the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Freud v St. Agnes Cathedral School*, 64 AD3d 678, 679 [2009]; *Ortiz v Jamwant*, 305 AD2d 477, 478 [2003]). Here, the hearing court's determination that service was not properly effected is supported by the record (*id.*).

Since personal jurisdiction over the defendant was never acquired, the default judgment entered against her was a nullity, and she was not required to demonstrate a meritorious defense (*see Steele v Hempstead Pub Taxi*, 305 AD2d 401, 402 [2003]; *European Am. Bank & Trust Co. v Serota*, 242 AD2d at 363; *DeMartino v Rivera*, 148 AD2d 568, 569 [1989]).

The plaintiff's remaining contentions are without merit. Covello, J.P., Florio, Eng and Chambers, JJ., concur.