■ Jacob Engel, Respondent, v Yishayahu Boymelgreen, Also Known as Shaya Boymelgreen, Appellant. [915 NYS2d 596]—

In an action to recover on an instrument for the payment of money only, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an amended order of the Supreme Court, Kings County (Solomon, J.), entered May 13, 2010, which granted the plaintiff's motion, and (2) a judgment of the same court entered May 13, 2010, which, upon the amended order, is in favor of the plaintiff and against him in the total sum of $5,732,319.74.

Ordered that the appeal from the amended order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment in lieu of complaint is denied, the amended order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The appeal from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Generally, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (*Washington Mut. Bank v Holt*, 71 AD3d 670, 670 [2010]; *see Associates First Capital Corp. v Wiggins*, 75 AD3d 614 [2010]; *City of New York v Miller*, 72 AD3d 726, 727 [2010]; *Scarano v Scarano*, 63 AD3d 716, 716 [2009]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983, 983 [2008]). However, a defendant's sworn denial of receipt of service, containing specific facts to rebut the statements in the process server's affidavit, "generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing" (*City of New York v Miller*, 72 AD3d at 727; *see Associates First Capital Corp. v Wiggins*, 75 AD3d 614 [2010]; *Washington Mut. Bank v Holt*, 71 AD3d 670 [2010]; *Scarano v Scarano*, 63 AD3d 716 [2009]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]).

Here, the plaintiff's process server swore that he served the summons and motion papers upon the defendant by affixing the papers to the door of a property, which the plaintiff alleged was the defendant's dwelling place or usual place of abode, and then mailing a copy to that same address. The defendant swore that he did not reside at that address and provided an affidavit from the resident of that address which provided, in detail, that she lived at that address with her own family and had advised the plaintiff's process server that the defendant did not reside there. Thus, the defendant established that he was entitled to a hearing on the issue of service, and the Supreme Court erred in making a determination on the plaintiff's motion for summary judgment in lieu of complaint prior to conducting such a hearing (*see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074 [2010]; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588 [2009]; *Zion v Peters*, 50 AD3d 894, 894 [2008]; *Kingsland Group v Pose*, 296 AD2d 440 [2002]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing at which the plaintiff will have to establish jurisdiction by a preponderance of the evidence (*see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074 [2010]; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588 [2009]; *Zion v Peters*, 50 AD3d 894 [2008]).

Moreover, contrary to the plaintiff's contention, a letter dated July 8, 2008, allegedly sent to the plaintiff by the defendant—the document upon which the plaintiff moved for summary judgment in lieu of complaint—was a request for a loan and not an instrument for the payment of money only (*see Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]; *Ro & Ke, Inc. v Stevens*, 61 AD3d 953 [2009]; *Comforce Telecom, Inc. v Spears Holding Co., Inc.*, 42 AD3d 557 [2007]; *Stallone v Rostek*, 27 AD3d 449 [2006]; *Gregorio v Gregorio*, 234 AD2d 512 [1996]). The Supreme Court erred in awarding judgment in favor of the plaintiff pursuant to CPLR 3213, as the letter did not contain an unconditional promise by the defendant to pay the plaintiff a sum certain by a set date (*see Weissman v Sinorm Deli*, 88 NY2d 437 [1996]). Therefore, in the event that the Supreme Court, Kings County, determines, after a hearing, that it has personal jurisdiction over the defendant, the action is to proceed as a plenary action, with the motion and answering papers deemed to be the complaint and answer, respectively (*see Lugli v Johnston*, 78 AD3d 1133 [2010]).

In light of our determination, the defendant's remaining contention has been rendered academic. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.

Motion by the respondent on appeals from an amended order of the Supreme Court, Kings County, entered May 13, 2010, and a judgment of the same court entered May 13, 2010, inter alia, to strike the record on appeal or, in the alternative, to strike stated portions of the record on appeal on the ground that they contain matter dehors the record. By decision and order on motion of this Court dated October 28, 2010, that branch of the motion which was to strike the record on appeal, or in the alternative, to strike stated portions of the record on appeal, was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to strike the record on appeal, or in the alternative, to strike stated portions of the record on appeal on the ground that they contain matter dehors the record is granted to the extent that pages 83 through 86, and 94 through 107, of the record on appeal are deemed stricken and have not been considered in the determination of the appeals, and that branch of the motion is otherwise denied. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.