■ WELLS FARGO BANK, N.A., Respondent, v ALEX T. CHRISTIE et al., Defendants, and EMILSEN E. RESTREPO, Appellant. [921 NYS2d 127]—

In an action to foreclose a mortgage, the defendant Emilsen E. Restrepo appeals from an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated November 7, 2008, which denied her motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale dated July 28, 2008, entered upon her default in answering or appearing.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant, Emilsen R. Restrepo, was properly served with process pursuant to CPLR 308 (2), and thereafter for a new determination of her motion to vacate the judgment of foreclosure and sale.

This action was commenced in late May 2007. According to

the affidavit of service, the defendant, Emilsen E. Restrepo, was served at her home pursuant to CPLR 308 (2) by delivery of the summons and complaint upon Jose Ramirez, referred to as a cotenant. Restrepo neither answered nor appeared and, on July 28, 2008, the Supreme Court signed a judgment of foreclosure and sale. In October 2008 Restrepo moved pursuant to CPLR 5015 (a) (4) to vacate the judgment which was entered upon her default. In support, she submitted an affidavit explicitly stating that the affidavit of service was false, that she did not know anyone named Jose Ramirez, and that no one by that name or fitting the description contained in the affidavit of service ever entered or occupied her home. The Supreme Court denied Restrepo's motion, finding that her affidavit was self-serving and insufficient to rebut the presumption of service created by the affidavit of service. In rejecting Restrepo's lack of jurisdiction argument, the Supreme Court also determined that she failed to establish a reasonable excuse for her default pursuant to CPLR 5015 (a) (1). Moreover, the Supreme Court determined that Wells Fargo had standing to commence the action. We reverse.

Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served (*see US Consults v APG, Inc.*, 82 AD3d 753 [2011]; *Washington Mut. Bank v Holt*, 71 AD3d 670 [2010]). While bare and unsubstantiated denials are insufficient to rebut the presumption of service (*see US Consults v APG, Inc.*, 82 AD3d 753 [2011]; *Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]), a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing (*see Engel v Boymelgreen*, 80 AD3d 653 [2011]). Here, the Supreme Court erred in determining the motion without first conducting a hearing, as Restrepo demonstrated her entitlement to a hearing on the issue of service by her sworn denial that she knew anyone by the name of Jose Ramirez and by her declaration that no one by that name and physical description ever entered or occupied her home (*id*; *see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074, 1074-1075 [2010]; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]). Moreover, since Restrepo's motion to vacate the judgment of foreclosure was made pursuant to CPLR 5015 (a) (4), it was not appropriate for the Supreme Court to consider whether she had demonstrated the existence of a reasonable excuse or a potentially meritorious defense pursuant to CPLR 5015 (a) (1). As such, we express no view as to the merits of any defense, including the defense of lack of standing. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.