MICHAEL GORALSKI, Respondent, v JOHN C. NADZAN, JR., Appellant. [932 NYS2d 376]—

The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff (*see Anderson v GHI Auto Serv., Inc.*, 45 AD3d 512, 512-513 [2007]; *Kearney v Neurosurgeons of N.Y.*, 31 AD3d 390 [2006]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]). Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service (*see Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]; *Household Fin. Realty Corp. of N.Y. v Brown*, 13 AD3d 340 [2004]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344). However, where there is a sworn denial that a defendant was served with process, the affidavit of service is rebutted, and the plaintiff must establish jurisdiction at a hearing by a preponderance of the evidence (*see Wells Fargo Bank, NA v Chaplin*, 65 AD3d at 589; *Mortgage Access Corp. v Webb*, 11 AD3d 592, 593 [2004]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344).

The defendant's sworn, detailed, and specific statements that he no longer resided at the address recited in the process server's affidavit of service when service of the summons and complaint was purportedly made pursuant to CPLR 308 (2) were sufficient to rebut the process server's affidavit of service. In opposition, the plaintiff failed to submit documentary evidence sufficient to establish that the address where the process was served was the defendant's dwelling place, usual place of

abode, or last known residence. Under these circumstances, the defendant is entitled to a hearing on the issue of whether service was properly effected pursuant to CPLR 308 (2) (*see Zion v Peters*, 50 AD3d 894 [2008]; *Mortgage Access Corp. v Webb*, 11 AD3d at 593; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344). Thus, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant was properly served and, thereafter, for a new determination of his motion to vacate his default and to dismiss the complaint for lack of proper service on him. Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.