*886 In an action pursuant to RPAPL article 13 to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated June 10, 2010, which, upon granting that branch of the motion of the defendant Estate of Marjorie Colwell which was, in effect, for leave to intervene as of right, and after a hearing to determine the validity of service of process, granted that branch of that defendant’s motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.
Ordered that the order is affirmed, with costs.
Contrary to the plaintiffs contention, under the particular circumstances of this case, the Supreme Court correctly determined that the defendant Estate of Marjorie Colwell had standing to challenge the plaintiffs service of process upon its personal representative, the defendant Sonia Gaines (see generally Grosso v Estate of Gershenson, 33 AD3d 587 [2006]; Matter of Harris, 21 Misc 3d 239, 242 [2008]).
Furthermore, the Supreme Court properly directed a hearing to determine the validity of service of process upon Gaines. It is the plaintiffs burden to prove, by a preponderance of the evidence, that jurisdiction over the defendant was obtained via proper service of process (see Gottesman v Friedman, 90 AD3d 608, 609 [2011]; Washington Mut. Bank v Holt, 71 AD3d 670 [2010]; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]; Roberts v Anka, 45 AD3d 752, 753 [2007]; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343 [2003]; see also Khodeeva v Chi Chung Yip, 84 AD3d 1030 [2011]). A process server’s affidavit ordinarily constitutes a prima facie showing of proper service (see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015 [2011]; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825 [2011]; Engel v Boymelgreen, 80 AD3d 653, 654 [2011]; Washington Mut. Bank v Holt, 71 AD3d at 670; Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589; Roberts v Anka, 45 AD3d at 753; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d at 343-344). Where the defendant submits a sworn denial which specifically refutes the process server’s affidavit, the prima facie showing is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (see Gray v Giannikios, 90 AD3d 836, 837 [2011]; U.S. Bank, N.A. v Arias, 85 AD3d at 1015; Wells Fargo Bank, N.A. v Christie, 83 AD3d at 825; Engel v Boymelgreen, 80 AD3d at 654; City of New York v Miller, 72 AD3d 726, 727 [2010]).
Where service is effected pursuant to CPLR 308 (4), the so- *887 called “nail and mail” method, the plaintiff must demonstrate that service pursuant to CPLR 308 (1) or (2) (personal service or residence service) could not be made with “ ‘due diligence’ ” (Estate of Waterman v Jones, 46 AD3d 63, 65 [2007], quoting CPLR 308 [4]; see Gray v Giannikios, 90 AD3d at 837; McSorley v Spear, 50 AD3d 652, 653 [2008]; Harkless v Reid, 23 AD3d 622, 623 [2005]). This requirement must be “ ‘strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received’ ” (McSorley v Spear, 50 AD3d at 653, quoting Gurevitch v Goodman, 269 AD2d 355, 355 [2000]; see Estate of Waterman v Jones, 46 AD3d at 66; County of Nassau v Letosky, 34 AD3d 414, 415 [2006]).
Here, the plaintiff produced the process server’s affidavit, which satisfied its prima facie burden regarding service. However, in her responsive affidavit, Gaines rebutted that showing by stating specifically that (1) she was never personally served in this action, (2) she had never resided at the address where the process server attempted personal service and eventually affixed the papers, and (3) the summons and complaint were never affixed to the door of the subject premises where she had lived for more than 20 years. This showing was sufficient to warrant a hearing (see Gray v Giannikios, 90 AD3d at 837; US. Bank, N.A. v Arias, 85 AD3d at 1015; Wells Fargo Bank, N.A. v Christie, 83 AD3d at 825; Engel v Boymelgreen, 80 AD3d at 654; City of New York v Miller, 72 AD3d at 727; Washington Mut. Bank v Holt, 71 AD3d at 670-671; Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589; Mortgage Access Corp. v Webb, 11 AD3d 592, 593 [2004]; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d at 344).
At the hearing, the plaintiff failed to demonstrate that its process server made a genuine effort to determine Gaines’s correct address or that he made “quality” efforts to serve her with process (McSorley v Spear, 50 AD3d at 653; see In Ja Kim v Dong Hee Han, 37 AD3d 662 [2007]; County of Nassau v Letosky, 34 AD3d at 415; Bank One Natl. Assn. v Osorio, 26 AD3d 452, 453 [2006]; Ben-Amram v Hershowitz, 14 AD3d 638 [2005]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the basis that it had failed to obtain personal jurisdiction over Gaines.
The plaintiff’s remaining contentions are without merit. Rivera, J.P, Hall, Lott and Cohen, JJ., concur.