■ WACHOVIA BANK, NATIONAL ASSOCIATION, Respondent, v FELIX M. CARCANO et al., Appellants. [964 NYS2d 246]—

In an action to recover damages for breach of a promissory note, the defendants appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered November 21, 2011, which denied their motion to vacate a judgment of the same court entered February 26, 2009, upon their failure to appear or answer the complaint, and to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed, without costs or disbursements.

The defendants moved to vacate a judgment entered in favor of the plaintiff and against them upon their failure to appear or answer the complaint, and to dismiss the complaint on the ground of lack of personal jurisdiction. The Supreme Court denied the motion.

Ordinarily, a process server's sworn affidavit of service is prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Roberts v Anka*, 45 AD3d 752, 754 [2007]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]). However, "[a] defendant can rebut a process server's affidavit by a detailed and specific contradiction of the allegations in the process server's affidavit" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344; *see Mortgage Access Corp. v Webb*, 11 AD3d 592, 592 [2004]).

Here, the affidavits of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Bank of N.Y. Mellon v Scura*, 102 AD3d 714 [2013]). Contrary to the defendants' contention, they failed to rebut this presumption of proper service since they did not, in their affidavits submitted in support of their motion, swear to "specific facts to rebut the statements" in the process server's affidavit (*Scarano v Scarano*, 63 AD3d 716, 716 [2009] [internal quotation marks omitted]; *see Bank of N.Y. Mellon v Scura*, 102 AD3d 714 [2013]; *see also Roberts v Anka*, 45 AD3d at 754). Accordingly, the Supreme Court properly denied the defendants' motion to vacate the default judgment and dismiss the complaint on the ground of lack of personal jurisdiction. Skelos, J.P., Balkin, Cohen and Miller, JJ., concur.