In an action to recover damages for personal injuries, the defendant David Jean Tassy appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated June 6, 2012, as denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, so much of the order as, in effect, denied, as academic, the plaintiff’s cross motion pursuant to CPLR 306-b to extend her time to serve the summons and complaint on the defendant David Jean Tassy is vacated, and the matter is remitted to the Supreme Court, Kings County, for a hearing to *969 determine whether the defendant David Jean Tassy was properly served with process, and thereafter for a new determination of his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and, if warranted, a determination on the merits of the plaintiffs cross motion pursuant to CPLR 306-b to extend her time to serve the summons and complaint on the defendant David Jean Tassy.
“ ‘The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff ” (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [2013], quoting Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]). “Generally, a process server’s affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service” (Washington Mut. Bank v Holt, 71 AD3d 670, 670 [2010]; see Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589; Household Fin. Realty Corp. of N.Y. v Brown, 13 AD3d 340, 341 [2004]). Here, however, the sworn statement of the defendant David Jean Tassy that he no longer resided at the address recited in the process server’s affidavit where service was allegedly effected pursuant to CPLR 308 (2), and of a police accident report submitted by him which recited an address for Tassy different from that where service was allegedly effected, were sufficient to rebut this presumption of proper service (see Washington Mut. Bank v Holt, 71 AD3d at 670-671; Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589; Zion v Peters, 50 AD3d 894, 894-895 [2008]). In light of this evidence, Tassy was entitled to a hearing on the issue of whether personal jurisdiction was acquired over him before a determination was made on his motion to dismiss the complaint insofar as asserted against him (see Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589-590; Zion v Peters, 50 AD3d at 894-895; Mortgage Access Corp. v Webb, 11 AD3d 592, 593 [2004]). Thus, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether Tassy was properly served with process, and thereafter for a new determination of his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
Additionally, in light of the above determination, the plaintiff’s cross motion pursuant to CPLR 306-b to extend her time to serve the summons and complaint on Tassy is no longer academic. Accordingly, so much of the order as, jm effect, denied the cross motion as academic is vacated, and, upon remittitur, the Supreme Court shall, if warranted, make a determination on *970 the merits of the plaintiffs cross motion. Rivera, J.E, Dickerson, Leventhal and Lott, JJ., concur.