Xaverian High School, Respondent, 
against
Mariluz Carmona, Appellant.




Mariluz Carmona, appellant pro se.
Kazlow & Kazlow (Stuart L. Sanders, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered November 17, 2015. The order, insofar as appealed from, upon, in effect, reargument, adhered to a prior determination in an order of that court dated September 4, 2015 denying defendant's motion to vacate a judgment of that court entered July 18, 2005 upon defendant's failure to appear and answer the complaint.




ORDERED that the order entered November 17, 2015, insofar as appealed from, is reversed, without costs, and, upon, in effect, reargument, the order entered September 4, 2015 is vacated and the matter is remitted to the Civil Court for a new determination, following a traverse hearing, of defendant's motion to vacate the default judgment.
In this action to recover for unpaid tuition in the principal sum of $4,634, the affidavit of service alleges that service of the summons and complaint was made on May 7, 2005 by leaving the papers with a person of suitable age and discretion, "Ms. Carmona, Relative," at 21 Billings Place in Brooklyn, and that the papers were mailed by first-class mail to the same address on May 10, 2005. A default judgment was entered on July 18, 2005 upon defendant's failure to answer the complaint or appear in the action. After defendant received a notice of income execution in May 2015, she moved to vacate the default judgment, asserting that she had "never received the court papers." Defendant contended in further support of her motion that no one residing with her fit the description provided in the affidavit of service, that she lived at that address with her two sons, and that she did not have a relative who would have answered the [*2]door and identified herself as "Ms. Carmona." Defendant offered as a defense to the action that she did not owe all of the money claimed by plaintiff. The Civil Court denied defendant's motion. Thereafter, defendant moved for leave to reargue her prior motion, and plaintiff opposed. Defendant appeals from so much of an order, entered November 17, 2015, as, upon, in effect, reargument, adhered to the prior determination.
It is well established that a process server's sworn affidavit of service constitutes prima facie evidence of proper service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343 [2003]). However, where, as here, a defendant's sworn statement denying receipt of service contains "specific facts to rebut the statements in the process server's affidavit[]" (Simonds v Grobman, 277 AD2d 369, 370 [2000]), a traverse hearing is necessary in order to determine whether service of process was properly effectuated pursuant to CPLR 308 (2) (see Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813 [2013]; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824 [2011]; New Century Fin. Servs., Inc. v Thomas, 57 Misc 3d 143[A], 2017 NY Slip Op 51411[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
However, should the Civil Court determine, following the traverse hearing, that personal jurisdiction was properly obtained over defendant, defendant's motion to vacate the default judgment should be denied, since we further find that the conclusory allegations contained in defendant's affidavit failed to establish her entitlement to relief based on excusable default, inasmuch as they did not set forth a potentially meritorious defense to the action.
Accordingly, the order entered November 17, 2015, insofar as appealed from, is reversed, and, upon, in effect, reargument, the order entered September 4, 2015 is vacated and the matter is remitted to the Civil Court for a new determination, following a traverse hearing, of defendant's motion to vacate the default judgment.
ELLIOT, J.P., PESCE and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 26, 2018