LR Credit 4, LLC, as Assignee of First USA, Respondent, 
against
Miriam Camacho, Appellant.




Miriam Camacho, appellant pro se.
Mel S. Harris and Associates, LLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), entered February 5, 2015. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated October 16, 2014, denying defendant's motion to vacate a default judgment and for related relief.




ORDERED that the order entered February 5, 2015, insofar as appealed from, is affirmed, without costs.
In this action to recover $5,136.94 based on an alleged breach of a credit card agreement, defendant failed to appear or answer and, on October 22, 2004, a default judgment was entered against her. In June 2014, plaintiff filed a restraining notice against defendant's bank account, after which defendant moved to lift all restraints or executions, vacate the default judgment and dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 5015 (a) (4) or, in the alternative, to restore the matter to the trial calendar and deem her annexed proposed answer timely filed. The Civil Court, by order dated October 16, 2014, denied defendant's motion, after oral argument, finding that defendant had
"failed to establish excusable default & fails to establish a meritorious defense. The Court does not find Defendant's denial of receipt of service of the Summons and Complaint credible. The Court likewise does not find Defendant's eventual denial of the underlying account credible, as Defendant gave the Court several different answers in that [*2]regard." Defendant subsequently moved, in effect, for leave to reargue, which motion plaintiff opposed. Insofar as is relevant to this appeal, the Civil Court, by order entered February 5, 2015, upon reargument, adhered to the determination in its prior order.
The process server's sworn affidavit of service constitutes prima facie evidence of proper service (see Wachovia Bank, N.A. v Carcano, 106 AD3d 726 [2013]; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343 [2003]). Inasmuch as the unsubstantiated, self-serving and conclusory allegations in defendant's affidavit in support of the branch of her motion seeking to vacate the default judgment and dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 5015 (a) (4) were insufficient to rebut the presumption of proper service (see Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724 [2013]), that branch of her motion was properly denied. Nor was defendant entitled to relief from the default judgment pursuant to CPLR 5015 (a) (1), since she failed to establish both a reasonable excuse for her default and a potentially meritorious defense to the action (see Eugene Di Lorenzo v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]).[FN1]


Accordingly, the order entered February 5, 2015, insofar as appealed from, is affirmed.

PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 26, 2018



Footnotes

Footnote 1:Contrary to defendant's assertion, no proposed answer was annexed to her motion papers.