Matter of Michael R. (Shirley W.) (2018 NY Slip Op 02408)





Matter of Michael R. (Shirley W.)


2018 NY Slip Op 02408


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6191

[*1]In re Michael R., A Child Under Eighteen Years of Age, etc., Shirley W., Respondent-Appellant. Administration for Children's Services, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.



Order, Family Court, Bronx County (Monica D. Shulman, J.), entered on or about May 9, 2017, which denied respondent mother's motion to dismiss the neglect petition based on her failure to rebut the presumption that she was properly served with the summons and petition, unanimously affirmed, without costs.
On December 23, 2016, petitioner Administration for Children's Services (ACS) provided the court with an affidavit of attempted service, which evidenced that Nationwide Court Services Inc., the process server, attempted to serve the mother at her undisputed home address, and the female who answered the door refused to identify herself or provide any information with regard to the mother. On January 11, 2017, petitioner provided the court with an affidavit of attempted service, which evidenced that the process server attempted to serve respondent on three additional dates. The court properly found that reasonable efforts had been made to effectuate personal service, and ordered ACS to serve the mother by "affix and mail" substitute service. The process server submitted an affidavit of substitute service by "affix and mail," which stated that service was effectuated on the mother by affixing a copy of the summons and petition to her home address and by mailing the same documents. Upon the mother's indication in court that she had not been served with papers, the court directed that ACS re-serve the mother by "affix and mail" service at that address. ACS submitted a second affidavit of affix and mail service, again indicating that a copy of the summons and petition had been affixed to the mother's door and mailed to her home address (see Washington Mut. Bank v Holt, 71 AD3d 670 [2d Dept 2010]).
The court, therefore, properly determined that even assuming the mother had not been served properly in the first instance, ACS cured any defects when it effectuated service on the mother the second time, as indicated in the second affidavit of "affix and mail service" (Family Court Act § 1036[b]). The mother failed to allege any facts substantiating her claim that she was not served, and had confirmed that she resided at the address to which she twice had been provided with the papers informing her of the ongoing proceedings. It is further noted that while [*2]the mother maintained that the method of service was improper, she did not deny that she received the summons and petition. Additionally, service was completed in the manner directed by the court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK