Marino E. Mercedes, Appellant, The
against
Bank of New York Mellon and J.P. Morgan Chase Bank, N.A., Sued Herein as The Bank of New York Mellon (Chase Bank), Respondents.




Marino E. Mercedes, appellant pro se.
Stagg, Terenzi, Confusione & Wabnik, LLP (Michelle E. Tarson of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered May 6, 2016. The order granted separate motions by The Bank of New York Mellon and J.P. Morgan Chase Bank, N.A. to dismiss the complaint as to each of them.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $20,808.69 from "The Bank of New York Mellon (Chase Bank)."[FN1]
The "affidavit of service" states that The Bank of New York Mellon (Mellon) had been served on October 28, 2015 at "500 Ross St., in the County of Alleghany, City/State of New York." In their answers, both Mellon and J.P. Morgan Chase Bank, N.A. (J.P. Morgan) asserted several affirmative defenses, including that they were not properly served. Thereafter, Mellon and J.P. Morgan separately moved to, among other things, dismiss so much of the complaint as was against each of them, on the ground that the court lacked personal jurisdiction over them since neither entity had been properly served. It was argued, among other things, that the process server's purported affidavit that had been filed with the court failed to demonstrate that it had been executed before a notary public. In opposition to the motion, plaintiff conclusorily argued that service was proper. The Civil Court granted the branches of the motions seeking to dismiss the complaint on the ground that the court lacked personal jurisdiction over Mellon and J.P. Morgan. This appeal ensued.

"The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [2013], quoting Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]). "Generally, a process server's [duly executed] affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Lazarre v Davis, [*2]109 AD3d 968, 969 [2013] [internal quotation marks omitted]). CCA 409 (b) requires that "[p]roof of service shall be made by the certificate of the sheriff or marshal or by the affidavit of the person by whom the service was made" (see also CPLR 306 [d]).

Here, plaintiff has not made a prima facie showing that Mellon or J.P. Morgan had been served. The purported affidavit of service was not in an authorized form, since it was neither sworn to nor affirmed before a notary public or another individual authorized to administer an oath (see CPLR 306 [d]; 2309 [a]). Thus, the "affidavit" of service is devoid of probative value (see generally Grasso v Angerami, 79 NY2d 813 [1991]). Furthermore, plaintiff's self-serving affidavit submitted in opposition to the motion was insufficient to establish that Mellon or J.P. Morgan had been served. As plaintiff failed to establish proper service (see Security Pac. Natl. Trust [NY] v Chunassamy, 289 AD2d 151 [2001]), the Civil Court properly granted the branch of each defendant's motion seeking to dismiss the complaint insofar as asserted against them on the ground that personal jurisdiction had not been acquired.

In view of the foregoing, we need not pass upon any other issue.

Accordingly, the order is affirmed.

WESTON, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 14, 2018



Footnotes

Footnote 1: The caption on appeal has been amended to reflect that these are two different parties.