Finnegan v Trimarco (2019 NY Slip Op 04361)





Finnegan v Trimarco


2019 NY Slip Op 04361


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-08651
 (Index No. 606508/17)

[*1]Richard J. Finnegan, respondent, 
v
Joseph Trimarco, et al., appellants.


Frederick P. Stern, P.C., Nesconset, NY (Richard I. Scheyer of counsel), for appellants.
Arnold A. Arpino & Associates, P.C., Smithtown, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the defendants appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated June 28, 2018. The order, insofar as appealed from, in effect, denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment dated October 17, 2017, entered upon their default, and to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether the defendants were properly served with process, and a new determination thereafter of that branch of the defendants' motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment and dismiss the complaint.
On or about June 14, 2017, the plaintiff commenced this action in the Supreme Court, Nassau County, against the defendant Advanced Builders and Land Development, Inc. (hereinafter Advanced), and its principal, the defendant Joseph Trimarco (hereinafter together the defendants), to recover damages for fraud, negligent misrepresentation, unjust enrichment, and breach of contract. The plaintiff filed an affidavit of service in which the plaintiff's process server averred that service was made upon Advanced by delivering to " Jane Doe' . . . of said corporation a true copy [of the summons and complaint]." The process server further averred that he "knew the said individual to be authorized to accept on behalf of the corporation" at 13 Beverly Court in Moriches. The plaintiff also filed a second affidavit of service, in which the plaintiff's process server averred that service was made upon Trimarco by delivering the summons and complaint to " Jane Doe,' CO-TENANT[,] a person of suitable age and discretion" at the same address. The defendants did not appear in the action. On October 17, 2017, the plaintiff obtained a default judgment in his favor and against the defendants in the principal sum of $41,501.03.
On March 29, 2018, the defendants moved by order to show cause, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment and dismiss the complaint. In support of the motion, Trimarco submitted an affidavit in which he claimed that both he and Advanced were improperly served at a residence that he had "sold to an unrelated third party three years ago." He further averred that, on the date service was purportedly made, he had no relationship with any [*2]person at 13 Beverly Court in Moriches, and no person at that address was authorized to accept service on behalf of Advanced. The plaintiff opposed the motion.
By order dated June 28, 2018, the Supreme Court, inter alia, in effect, denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment and dismiss the complaint. The defendants appeal, as limited by their brief, from so much of the order as, in effect, denied that branch of their motion.
The Supreme Court should not have, in effect, denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment and dismiss the complaint without first conducting a hearing. "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "[W]here there is a sworn denial that a defendant was served with process, the affidavit of service is rebutted, and the plaintiff must establish jurisdiction at a hearing by a preponderance of the evidence" (id. at 589).
With respect to service on Advanced, CPLR 311(a)(1) provides that personal service upon a corporation shall be made, among other ways, "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Personal service on a corporation must be made to one of the persons authorized by the statute to accept service, and an attempt to serve such person by substitute service pursuant to CPLR 308(2) or (4) will be insufficient to acquire jurisdiction over the corporation (see Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551, 551-552, affd 65 NY2d 865). Here, Trimarco's affidavit was sufficient to rebut the presumption of proper service created by the plaintiff's affidavit of service purporting to establish that personal jurisdiction was acquired over Advanced. Accordingly, a hearing is necessary to determine, inter alia, whether the person purportedly served on behalf of Advanced was authorized to accept service pursuant to CPLR 311.
With respect to service on Trimarco, CPLR 308(2) provides, in relevant part, that service may be made upon a natural person "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served." Here, Trimarco's detailed affidavit, in which he claimed that the address where service was made was not his actual place of business, dwelling place, or usual place of abode, was sufficient to rebut the presumption of proper service created by the plaintiff's affidavit of service (see Sileo v Victor, 104 AD3d 669, 670). Accordingly, a hearing is necessary to determine, inter alia, whether service was properly made upon Trimarco.
Thus, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the defendants were properly served with process, and for a new determination thereafter of that branch of their motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment and dismiss the complaint.
To the extent that the defendants raise any issue with respect to that branch of their motion which sought, in the alternative, to dismiss the complaint pursuant to CPLR 3211(1)(a) based upon documentary evidence, that issue is not properly before us, as that branch of the motion remains pending and undecided (see Katz v Katz, 68 AD2d 536).
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court