■ MICHAEL THOMAS, Respondent, v BRIAN MALONEY, Appellant, et al., Defendant. [734 NYS2d 467] —In an action, *inter alia,* to recover damages for personal injuries, the defendant Brian Maloney appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated September 6, 2000, as, in effect, denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether process was properly served upon the defendant Brian Maloney.

The plaintiff does not dispute the contention of the defendant Brian Maloney that the second attempt to serve him with process was invalid since it was made more than 120 days after the summons and complaint had been filed (*see,* CPLR 306-b). Thus, the question of whether the complaint insofar as asserted against Maloney should be dismissed for lack of personal jurisdiction turns upon the validity of the "nail-and-mail" service which was attempted pursuant to CPLR 308 (4). Since there is a factual issue as to whether the address to which the summons and complaint was nailed and mailed was Maloney's actual "dwelling place or usual place of abode" at the time of service, we remit the matter to the Supreme Court for a hearing (CPLR 308 [4]; *see, Allstate Ins. Co. v Cohen,* 236 AD2d 344; *Fabrizio, Radmin, Buskbaum & Co. v Hendler & Murray,* 216 AD2d 520). O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.