■ SHEIKH HOSSAIN, Respondent, v FAB CAB CORP., Defendant, and YELLOW CAB SLS JET MANAGEMENT CORP. et al., Appellants. [868 NYS2d 746]—

It is " 'axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void' " (*Elm Mgt. Corp. v Sprung,* 33 AD3d 753, 755 [2006], quoting *McMullen v Arnone,* 79 AD2d 496, 499 [1981]; *Matter of Cartier v County of Nassau,* 281 AD2d 477, 478 [2001]). Under CPLR 5015 (a) (4), a default judgment must be vacated once a movant demonstrates lack of personal jurisdiction (*see Citibank v Keller,* 133 AD2d 63, 64-65 [1987]; *see also Harkless v Reid,* 23 AD3d 622, 622-623 [2005]; *Steele v Hempstead Pub Taxi,* 305 AD2d 401, 402 [2003]). Here, the process server served the summons with notice upon a receptionist in the appellants' offices, and there is no evidence that she was an officer, director, managing agent, cashier, or an agent authorized by appointment to accept service on their behalf (*see* CPLR 311 [a] [1]; *Gleizer v American Airlines, Inc.,* 30 AD3d 376 [2006]). Accordingly, jurisdiction was never obtained over the appellants, and the Supreme Court should have granted that branch of their motion which was pursuant to CPLR 5015 (a) (4) to vacate the default judgment. Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.