■ WILLIAM SILEO, JR., Appellant, v JIMMY R. VICTOR, Respondent. [960 NYS2d 466]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated August 16, 2012, which granted the

defendant's motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated April 18, 2012, granting the plaintiff's motion for leave to enter a judgment against the defendant on the issue of liability, upon the defendant's default in appearing or answering, and setting the matter down for an inquest on the issue of damages, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order dated August 16, 2012, is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing, and thereafter, a new determination of the defendant's motion.

A process server's affidavit of service established, prima facie, that the defendant was served with process pursuant to CPLR 308 (4) by the "affix and mail" method (*see Scarano v Scarano*, 63 AD3d 716 [2009]). The defendant's sworn, detailed, and specific statements that, when service was made, he no longer resided at the address recited in the affidavit of service, were sufficient to rebut the presumption of proper service established by the process server's affidavit (*see Engel v Boymelgreen*, 80 AD3d 653, 655 [2011]; *Zion v Peters*, 50 AD3d 894, 895 [2008]; *Thomas v Maloney*, 289 AD2d 222 [2001]). However, since the defendant's evidence was insufficient to dispose of his contention that he did not reside at the subject premises at the time when service was allegedly effected (*see Chichester v Alal-Amin Grocery & Halal Meat*, 100 AD3d 820 [2012]), and the plaintiff failed, in opposition to the defendant's motion, to submit documentary evidence sufficient to dispositively establish that, at the time of service, the address where the process was served was the defendant's dwelling place or usual place of abode, the parties are entitled to a hearing on the issue of whether service was properly effected pursuant to CPLR 308 (4) (*see Gray v Giannikios*, 90 AD3d 836, 837 [2011]; *Goralski v Nadzan*, 89 AD3d 801, 801-802 [2011]; *Zion v Peters*, 50 AD3d at 895; *Thomas v Maloney*, 289 AD2d 222 [2001]). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing on the issue of whether service of process was effected upon the defendant, and for a new determination thereafter of the defendant's motion (*see Gray v Giannikios*, 90 AD3d at 837; *Engel v Boymelgreen*, 80 AD3d at 655; *Zion v Peters*, 50 AD3d at 895). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.