■ Angela Velez, Respondent, v John Forcelli, Appellant. [3 NYS3d 84]—

In an action to recover damages for breach of two promissory notes, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Hubert, J.), dated May 22, 2014, as denied his motion to vacate a judgment of the same court (Allen, J.), dated April 29, 2011, entered upon his failure to appear or answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine whether the defendant was properly served with process, and for a new determination of the defendant's motion thereafter.

Under CPLR 5015 (a) (4), a default must be vacated once a movant demonstrates lack of personal jurisdiction (*see Hossain v Fab Cab Corp.*, 57 AD3d 484 [2008]; *Matter of Qadeera Tonezia D.*, 55 AD3d 606 [2008]). "Although a party moving to vacate a default must normally demonstrate a reasonable excuse and a meritorious defense, the movant is relieved of that obligation when lack of personal jurisdiction is asserted as the ground for vacatur" (*Harkless v Reid*, 23 AD3d 622, 622-623 [2005] [citations omitted]; *see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074 [2010]).

A process server's affidavit ordinarily constitutes a prima facie showing of proper service (*see Aurora Loan Servs., LLC v Gaines*, 104 AD3d 885, 886 [2013]; *Sileo v Victor*, 104 AD3d 669, 670 [2013]; *Engel v Boymelgreen*, 80 AD3d 653, 654 [2011]). However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the process server's affidavit, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing (*see Aurora Loan Servs., LLC v Gaines*, 104 AD3d at 886; *Sileo v Victor*, 104 AD3d at 670; *Engel v Boymelgreen*, 80 AD3d at 654).

Here, the affidavits of the defendant and his wife contained specific facts sufficient to rebut the statements in the process server's affidavit concerning his unsuccessful attempts to effect personal service upon the defendant. Thus, the defendant was entitled to a hearing on the issue of whether substituted service was properly effected pursuant to CPLR 308 (4) (*see Sileo v Victor*, 104 AD3d at 670). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing to determine whether the defendant was properly served with process, and for a new determination of the defendant's motion thereafter. Balkin, J.P., Leventhal, Dickerson, Miller and LaSalle, JJ., concur.