■ BANK OF AMERICA, N.A., as Successor by Merger to LA-SALLE BANK NATIONAL ASSOCIATION, as Trustee for Certificateholders of BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED CERTIFICATES, SERIES 2006-HE10, Respondent, v TAUSIF A. LATIF, Appellant, et al., Defendants. [50 NYS3d 437]—

In an action to foreclose a mortgage, the defendant Tausif A. Latif appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated November 19, 2015, as denied those branches of his motion which were pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court dated February 2, 2010, entered upon his failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him.

Ordered that the order dated November 19, 2015, is reversed

insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a hearing and, thereafter, a new determination of those branches of the motion of the defendant Tausif A. Latif which were pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale dated February 2, 2010, entered upon his failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him.

The plaintiff commenced this action to foreclose a mortgage against, among others, Tausif A. Latif. The Supreme Court issued a judgment of foreclosure and sale dated February 2, 2010, upon his failure to appear or answer the complaint. In or around October 2015, Latif moved, inter alia, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him. In an order dated November 19, 2015, the Supreme Court denied Latif's motion. Latif appeals from so much of the order as denied those branches of his motion.

"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (*FV-1, Inc. v Reid*, 138 AD3d 922, 923 [2016]; *see Washington Mut. Bank v Murphy*, 127 AD3d 1167, 1174 [2015]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 896-897 [2013]). "A defendant's eventual awareness of pending litigation will not affect the absence of jurisdiction over him or her where service of process is not effectuated in compliance with CPLR 308" (*Washington Mut. Bank v Murphy*, 127 AD3d at 1174). Thus, "[a] defect in service is not cured by the defendant's subsequent receipt of actual notice of the commencement of the action" (*Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d at 897).

"Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (*FV-1, Inc. v Reid*, 138 AD3d at 923; *see Scarano v Scarano*, 63 AD3d 716, 716 [2009]). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing" (*Deutsche Bank Natl. Trust Co. v DaCosta*, 97 AD3d 630, 631 [2012]).

CPLR 308 (4) provides that when service upon an individual under CPLR 308 (1) and (2) cannot be made with due diligence, service may be made "by affixing the summons to the door of either the actual place of business, dwelling place or usual

place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person [to be served] at his or her actual place of business" (*see Estate of Waterman v Jones*, 46 AD3d 63, 65-66 [2007]).

Here, the process server's affidavit of service established, prima facie, that Latif was served with process pursuant to CPLR 308 (4) (*see Scarano v Scarano*, 63 AD3d 716 [2009]). However, in his affidavit submitted in support of his motion, Latif asserted that, at the time of the alleged service, he lived not at the address recited in the affidavit of service as being his dwelling place, but at the mortgaged premises. Latif also submitted other evidence that tended to show that he lived at the mortgaged premises at the time of the alleged service. He submitted the mortgage, which contained a provision obligating the borrower, Latif, to occupy the mortgaged premises for a certain period of time, and correspondence relating to the loan that was addressed to him at the mortgaged premises. Further, Latif submitted material that called into question the veracity of the process server. Under the circumstances of this case, there must be a hearing on the issue of whether Latif was properly served (*see Sileo v Victor*, 104 AD3d 669, 670 [2013]; *Agudo v Zhinin*, 74 AD3d 712, 712-713 [2010]; *Zion v Peters*, 50 AD3d 894, 894-895 [2008]; *Thomas v Maloney*, 289 AD2d 222 [2001]), including whether the plaintiff complied with the "due diligence" requirement of CPLR 308 (4). Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.