Appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered January 12, 2016. The order denied those branches of the motion of the defendant Adventure Corp. which were pursuant to CPLR 5015 (a) and 317 to vacate an order entered January 27, 2014, and a judgment of foreclosure and sale entered September 16, 2015, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it.
 

 Ordered that the order entered January 12, 2016, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and, thereafter, a new determination of those branches of the motion of the defendant Adventure Corp. which were pursuant to CPLR 5015 (a) and 317 to vacate the order entered January 27, 2014, and the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it.
 

 In 2007, the plaintiff commenced this action against Adventure Corp. (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to answer the complaint or appear in the action. Summary judgment on the complaint was thereafter awarded to the plaintiff, and a referee was appointed to compute the amount due under the mortgage loan, by order entered January 27, 2014. A judgment of foreclosure and sale was entered on September 16, 2015.
 

 The defendant subsequently moved, inter alia, pursuant to CPLR 5015 (a) and 317 to vacate the order entered January-27, 2014, and the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it. The Supreme Court denied the motion, and the defendant appeals.
 

 The Supreme Court improperly denied, without a hearing, the subject branches of the defendant’s motion. The defendant asserted that the plaintiff failed to properly serve it with process and that it did not receive notice of the action in time to defend it. “Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service” (FV-1, Inc. v Reid, 138 AD3d 922, 923 [2016]; see Bank of Am., N.A. v Latif, 148 AD3d 967, 968 [2017]). Here, however, questions of fact exist as to whether proper service was effected upon the Secretary of State as the defendant’s agent, pursuant to Business Corporation Law § 306 (b) (1). In particular, the process server’s affidavit was ambiguous as to whether “duplicate copies” of process were delivered to the Secretary of State as required by Business Corporation Law § 306 (b) (1). Under the circumstances, a hearing was required on the issue of whether the defendant was properly served with process.
 

 Accordingly, we reverse the order, and remit the matter to the Supreme Court, Nassau County, to conduct a hearing to determine whether service of process was properly effected upon the defendant, and for a new determination thereafter of those branches of the defendant’s motion which were pursuant to CPLR 5015 (a) and 317 to vacate the order entered January 27, 2014, and the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it.
 

 Dillon, J.P., Sgroi, Hinds-Radix and Ian-nacci, JJ., concur.