Matter of Mary A. G. v Ira T. B. (2018 NY Slip Op 00553)





Matter of Mary A. G. v Ira T. B.


2018 NY Slip Op 00553


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-00785
 (Docket No. P-22573-05)

[*1]In the Matter of Mary A. G. (Anonymous), petitioner- respondent, 
v
Ira T. B. (Anonymous), respondent- respondent; Julien G. (Anonymous), nonparty-appellant.


Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Barbara H. Dildine of counsel), attorney for the child, the nonparty-appellant, Julien G.
Joan N.G. James, Brooklyn, NY, for petitioner-respondent.



DECISION & ORDER
Appeal from an order of the Family Court, Kings County (Sharon A. B. Clarke, J.), dated December 22, 2016. The order, after a hearing, vacated prior orders of filiation and support dated November 10, 2005, and March 3, 2006, respectively, and dismissed the underlying petitions for lack of jurisdiction.
ORDERED that the order dated December 22, 2016, is affirmed, without costs or disbursements.
In 2005, the petitioner commenced a proceeding pursuant to Family Court Act article 5-B, alleging that Ira T. B. (hereinafter the respondent), was the father of the subject child. Upon the respondent's default, the Family Court entered orders of filiation and child support dated November 10, 2005, and March 3, 2006, respectively. Several years later, the respondent moved, inter alia, to vacate the prior order of filiation on the ground that he was never served with the underlying paternity petition. After conducting a hearing on the issue of service, the Family Court vacated the prior orders and dismissed the underlying petition for lack of personal jurisdiction. The child appeals.
In paternity and support proceedings, personal service of the summons and petition, inter alia, may be made by delivery of a true copy thereof to the person summoned at least eight days before the time stated therein for appearance (see Family Ct Act §§ 427[a], 525[a]). Service of process upon a natural person must be made in strict compliance with the methods of service set forth by statute (see FV-1, Inc. v Reid, 138 AD3d 922, 923; Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897). The failure to serve process in an action leaves the court without personal jurisdiction, and renders all subsequent proceedings null and void (see CitiMortgage, Inc. v Twersky, 153 AD3d 1230, 1231; Washington Mut. Bank v Murphy, 127 AD3d at 1173-1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889).
Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service (see FV-1, Inc. v Reid, 138 AD3d at 923; Velez v Forcelli, 125 AD3d 643, 644; Scarano v Scarano, 63 AD3d 716, 716). However, when a defendant or respondent submits a sworn [*2]denial of receipt of service containing specific facts to refute the statements in the process server's affidavit, the prima facie showing is rebutted and the plaintiff or petitioner must establish at a hearing personal jurisdiction by a preponderance of the evidence (see Velez v Forcelli, 125 AD3d at 644; Machovec v Svoboda, 120 AD3d 772, 773; Aurora Loan Servs., LLC v Gaines, 104 AD3d 885, 886). Moreover, the burden of proof does not shift during the hearing. Rather it "rests at all times" upon the plaintiff or petitioner (Lexington Ins. Co. v Schuyler Bumpers, 125 AD2d 554, 554 [internal quotation marks omitted]).
Here, the attorney for the child does not dispute that the process server's affidavit was successfully rebutted by the respondent, and the petitioner failed to establish at the hearing that the respondent was properly served. The evidence adduced at the hearing showed that the physical description of the individual allegedly served, as described in the process server's affidavit of service, differed considerably from the physical appearance of the respondent at the alleged time of service. In addition, the process server did not testify at the hearing, and the petitioner failed to demonstrate that the process server was unavailable to testify or that she exercised due diligence in attempting to locate the process server to testify. Accordingly, there was ample support for the Family Court's determination that the respondent was never personally served with process. Contrary to the attorney for the child's contention, neither the respondent's delay in moving to vacate the prior orders, nor the fact that he may have acquired actual notice of the paternity proceeding by means other than those authorized by statute, preclude him from challenging the court's jurisdiction over him (see Matter of H. v M., 47 AD3d 629, 629-630).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court