Shannon v Ifemesia (2018 NY Slip Op 07478)





Shannon v Ifemesia


2018 NY Slip Op 07478


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-10847
2016-10848
 (Index No. 11656/11)

[*1]Thomas Shannon, respondent, 
v
Ifeyinwa Ifemesia, appellant.


Law Offices of Joseph F. Kilada, P.C., Garden City, NY (Nicole Wertz Alloway of counsel), for appellant.
The Berkman Law Office, LLC, Brooklyn, NY (David S. Steigbigel of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 16, 2016, and (2) an order of the same court dated September 7, 2016. The order dated August 16, 2016, denied the defendant's motion pursuant to CPLR 5015(a)(4) to vacate a default judgment of the same court entered March 29, 2016, and to dismiss the complaint for lack of personal jurisdiction. The order dated September 7, 2016, denied the defendant's second motion pursuant to CPLR 5015(a)(4) to vacate the default judgment and to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the orders are affirmed, with one bill of costs.
In May 2011, the plaintiff commenced this action alleging that he sustained personal injuries when he tripped and fell on a defective sidewalk located on the defendant's property. In an affidavit of service, the plaintiff's process server averred that the defendant was served with the summons and complaint pursuant to CPLR 308(2). When the defendant failed to answer the complaint, the plaintiff moved for leave to enter a default judgment. The plaintiff's motion was granted and the Supreme Court entered a default judgment against the defendant on March 29, 2016. Thereafter, the defendant moved to vacate the default judgment and to dismiss the complaint for lack of personal jurisdiction. By order dated August 16, 2016, the Supreme Court denied the defendant's motion. The defendant again moved to vacate the default judgment and dismiss the complaint for lack of personal jurisdiction. By order dated September 7, 2016, the court denied the defendant's second motion. The defendant appeals from both orders.
We agree with the Supreme Court's denial of the defendant's first motion pursuant to CPLR 5015(a)(4) to vacate the default judgment and to dismiss the complaint for lack of personal jurisdiction. The process server's affidavit of service constituted prima facie evidence of proper service pursuant to CPLR 308(2) (see Miswerek v Rosenfeld, 162 AD3d 1005, 1006; Scarano v Scarano, 63 AD3d 716). The defendant's affidavit in support of her motion, which set forth a bare and unsubstantiated assertion that, at the time of service of the summons and complaint, she no longer resided at the service address, was insufficient to rebut the presumption of proper service (see [*2]Bank of N.Y. v Espejo, 92 AD3d 707, cf. Sileo v Victor, 104 AD3d 669; Goralski v Nadzan, 89 AD3d 801).
We also agree with the Supreme Court's denial of the defendant's second motion to vacate the default judgment and to dismiss the complaint. The defendant was precluded from making a second motion to vacate her default on the same ground raised in the prior motion (see Viva Dev. Corp. v United Humanitarian Relief Fund, 108 AD3d 619, 620; JMP Pizza, LLC v 34th St. Pizza, LLC, 104 AD3d 648).
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court