Trovato v Galaxy Sanitation Servs. of N.Y., Inc. (2019 NY Slip Op 02579)





Trovato v Galaxy Sanitation Servs. of N.Y., Inc.


2019 NY Slip Op 02579


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-03845
 (Index No. 605704/16)

[*1]Antoninette Trovato, etc., respondent, 
v
Galaxy Sanitation Services of New York, Inc., et al., defendants, Michael Cholowsky, appellant.


Cole Schotz P.C., New York, NY (David T. Meglino of counsel), for appellant.
LaMonica Herbst & Maniscalco, LLP, Wantagh, NY (David A. Blansky of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for declaratory relief, the defendant Michael Cholowsky appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered March 16, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against the defendant Michael Cholowsky for lack of personal jurisdiction based on improper service of process.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and, thereafter, a new determination of that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against the defendant Michael Cholowsky for lack of personal jurisdiction based on improper service of process.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract and for declaratory relief. The defendants moved, inter alia, pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against the defendant Michael Cholowsky for lack of personal jurisdiction based on improper service of process. In opposing the motion, the plaintiff contended, among other things, that Cholowsky was properly served by a certain process server pursuant to CPLR 308(2), and, additionally, was properly served by a different process server pursuant to CPLR 308(4). The plaintiff submitted, among other things, an affidavit of service of each process server. In an order entered March 16, 2017, the Supreme Court, inter alia, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against Cholowsky for lack of personal jurisdiction based on improper service of process. The court determined that the plaintiff established proper service on Cholowsky pursuant to CPLR 308(2). Cholowsky appeals.
"Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (FV-1, Inc. v Reid, 138 AD3d 922, 923; see Scarano v Scarano, 63 AD3d 716, 716). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing" [*2](Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631).
Here, the process server's affidavit of service constituted prima facie evidence of proper service on Cholowsky pursuant to CPLR 308(2). However, Cholowsky rebutted that presumption by submitting his affidavit. In his affidavit, Cholowsky asserted that he had not been served. Cholowsky claimed that although the address listed in the affidavit of service as his actual place of business was the location of a concrete plant where his company had purchased concrete, he was not employed at the location, he did not work out of that location in any capacity, and he did not have any coworkers there.
As an alternate ground for affirmance, the plaintiff contends that Cholowsky was properly served, by the other process server, pursuant to CPLR 308(4). The process server's affidavit constituted prima facie evidence of proper service of process pursuant to CPLR 308(4). However, Cholowsky rebutted that presumption by submitting his affidavit. Therein, Cholowsky denied having received process. He asserted that the address listed in the affidavit of service as his last known residence and usual place of abode was where he was raised as a child and where his father resided, but that he had not resided or regularly stayed there since moving out more than 30 years prior.
Under the circumstances, the Supreme Court should conduct a hearing on the issue of whether Cholowsky was properly served and, thereafter, make a new determination of that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against Cholowsky for lack of personal jurisdiction based on improper service of process (see Mizerek v Rosenfeld, 162 AD3d 1005, 1007; Bank of Am., N.A. v Latif, 148 AD3d 967, 969).
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court