Estate of Elijah v Brewster (2025 NY Slip Op 50637(U))

[*1]

Estate of Elijah v Brewster

2025 NY Slip Op 50637(U)

Decided on April 17, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2023-918 N C

Estate of Scott Elijah, Respondent,
against
Natasha Brewster, "John Doe" and "Jane Doe", Appellants. 

Hobson-Williams, P.C. (Tanya Hobson-Williams of counsel), for appellants.
Edson A. Coley, for respondent (no brief filed).

Appeal from an order of the District Court of Nassau County, First District (Christopher J. Coschignano, J.), dated June 14, 2023. The order denied tenant's motion to vacate a final judgment of that court entered February 16, 2023 upon tenant's failure to appear or answer the petition and, upon such vacatur, to dismiss the petition in a holdover summary proceeding.

ORDERED that the order is modified by vacating so much thereof as denied the branches of tenant's motion seeking to vacate the final judgment and, upon such vacatur, to dismiss the petition based on a lack of personal jurisdiction; as so modified, the order is affirmed, without costs, and those branches of the motion are remitted to the District Court for a new determination following a traverse hearing to determine whether tenant was properly served with the notice of petition and petition.
By notice of petition and petition dated December 21, 2022, landlord "Estate of Scott Elijah" commenced this holdover summary proceeding. The petition was verified by Scott Elijah's daughter, Ashley Elijah, as "executrix" of the estate, although the evidence indicates that Scott Elijah died intestate, making her the administrator. The affidavit of service of the notice of petition and petition alleged that, following failed attempts at personal service on January 23, 2023 at 6:56 p.m. and January 24, 2023 at 7:32 a.m., the notice of petition and petition were served on tenant via conspicuous place service by affixing a copy thereof to the entrance door of the subject premises on January 25, 2023 at 3:02 p.m. and mailing a copy via certified and regular first class mail on January 26, 2023.
Tenant's then-minor son is the son of Scott Elijah, and the half brother of Ashley Elijah. The lease, whose expiration this proceeding is based upon, was executed between tenant and Ashley Elijah.
On February 7, 2023, after tenant failed to appear, the District Court entered a final judgment awarding landlord possession and the sum of $30,010. Subsequently, tenant moved to vacate the default final judgment pursuant to CPLR 5015 (a) (1) and (a) (4) and, upon such vacatur, to dismiss the petition. Tenant argued that the notice of petition and petition were not properly served and that, in any event, she never received them. She further argued that the petition is fatally defective as an estate is not a legal entity and therefore not a proper petitioner in this proceeding. Tenant further argued that the District Court lacks subject matter jurisdiction in that her son, as one of Scott Elijah's heirs, has an ownership interest in the subject premises that passed to him by operation of law upon Scott Elijah's death and that the eviction of family members is not permitted via summary proceedings.
By order dated June 14, 2023, the District Court denied tenant's motion on the ground that it failed to set forth a reasonable excuse and a meritorious defense.
Insofar as tenant asserted a lack of personal jurisdiction as a ground for vacating the default final judgment, she did not need to demonstrate a reasonable excuse or a meritorious defense (see Velez v Forcelli, 125 AD3d 643, 644 [2015]; European Am. Bank & Trust Co. v Serota, 242 AD2d 363, 363 [1997]; 4720 Ave., Inc. v Smith, 78 Misc 3d 133[A], 2023 NY Slip Op 50443[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; Tzifil Realty Corp. v Temammee, 46 Misc 3d 144[A], 2015 NY Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). It is well established that a process server's affidavit attesting to proper delivery constitutes prima facie evidence of proper service (see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d 988 [2020]; Mizerek v Rosenfeld, 162 AD3d 1005 [2018]; 4720 Ave., Inc. v Smith, 2023 NY Slip Op 50443[U]). However, where a respondent's sworn statement denying receipt of service contains specific facts to rebut the process server's affidavit, a traverse hearing is required to determine whether service of process was properly effectuated (see Velez v Forcelli, 125 AD3d 643; Tzifil Realty Corp. v Temammee, 2015 NY Slip Op 50196[U]). If a respondent can demonstrate a lack of personal jurisdiction, a default final judgment entered against such respondent must be vacated (see CPLR 5015 [a] [4]; Velez v Forcelli, 125 AD3d 643; Hossain v Fab Cab Corp., 57 AD3d 484 [2008]; 4720 Ave., Inc. v Smith, 2023 NY Slip Op 50443[U]). Tenant's assertion in her sworn affidavit that she was home with her six children on the date and time of the first alleged attempt at service constitutes a specific denial of the affidavit of service (see HSBC Bank USA, N.A. v Assouline, 177 AD3d 603 [2019]; cf. Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d 866 [2023]) and raises an issue of fact as to whether the process server satisfied the reasonable application standard before resorting to conspicuous place service (see RPAPL 735 [1]; Martine Assoc. LLC v Minck, 5 Misc 3d 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). Consequently, so much of the order dated June 14, 2023 as denied the branches of tenant's motion seeking to vacate the default final judgment and, upon such vacatur, to dismiss the petition on the ground of a lack of personal jurisdiction must be vacated and those branches of the motion remitted to the District Court for a new determination, following a traverse hearing.
We note that if, following the traverse hearing, it is determined that the District Court had [*2]personal jurisdiction over tenant, she would not be entitled to vacatur of the default final judgment based on excusable default (see CPLR 5015 [a] [1]) or pursuant to CPLR 317 (which she did not raise), both of which require a potentially meritorious defense to the proceeding (see Nationstar Mtge., LLC v McLean, 140 AD3d 1131 [2016]; 4720 Ave., Inc. v Smith, 2023 NY Slip Op 50443[U]; Girardo v 99-27 Realty, LLC, 62 AD3d 659 [2009]; Hon-Kuen Lo v Gong Park Realty Corp., 16 AD3d 553 [2005]). Although an estate is not a legal entity and not a proper petitioner in a summary proceeding, such a defect is not jurisdictional where the administrator of the estate verifies the petition, as Ashley Elijah did here (see Estate of Williams v Global Sq., Inc., 58 Misc 3d 159[A], 2018 NY Slip Op 50254[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Furthermore, as the administrator of the estate, she has the statutory right "to take possession of, collect the rents from and manage . . . any property or any estate therein owned by an estate or trust" (EPTL § 11-1.1 [b] [5] [A]) even where an occupant in possession is a distributee (see Johnson v Depew, 38 AD2d 675, 676 [1971]; Limberg v Limberg, 256 App Div 721 [1939], affd 281 NY 821 [1939]). In any event, the District Court has subject matter jurisdiction over this holdover proceeding (see UDCA 204; RPAPL 701), which is based on the termination of the parties' landlord-tenant relationship (see RPAPL 711 [1]). Finally, where a family member "fit[s] into one of the RPAPL 711 or 713 categories, there is no 'familial exception' bar to the maintenance of a summary proceeding" (Heckman v Heckman, 55 Misc 3d 86, 90 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). In view of the foregoing, we need not reach the issue of whether tenant offered a reasonable excuse for her default. 
Accordingly, the order is modified by vacating so much thereof as denied the branches of tenant's motion seeking to vacate the final judgment and, upon such vacatur, to dismiss the petition based on a lack of personal jurisdiction and those branches of the motion are remitted to the District Court for a new determination following a traverse hearing to determine whether tenant was properly served with the notice of petition and petition.
GOLDBERG-VELAZQUEZ, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 17, 2025