East Main 72, LLC v Children of Am., Inc.

2026 NY Slip Op 02249

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

East Main 72, LLC, et al., respondents,

v

Children of America, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-08390, 2024-08391, (Index No. 712808/23)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Lourdes M. Ventura, JJ.

Law Offices of Kramer, LLC, New York, NY (Edward C. Kramer and Elizabeth M. Pappas of counsel), for appellant.

Holihan & Associates, P.C., Richmond Hill, NY (Stephen Holihan of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered March 26, 2024, and (2) an order of the same court entered April 1, 2024. The order entered March 26, 2024, denied the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint. The order entered April 1, 2024, denied the defendant's second motion pursuant to CPLR 3211(a)(8) to dismiss the complaint.

ORDERED that the orders are affirmed, with one bill of costs.

In 2020, the defendant, Children of America, Inc., executed a limited guaranty in conjunction with a lease agreement between Children of America (Port Jefferson), LLC (hereinafter the tenant), and PJS Enterprises, LLC, the plaintiffs' predecessor in interest. In June 2023, the plaintiffs commenced this action against the defendant, alleging that the tenant had defaulted on its rental obligations and seeking to recover on the guaranty. In July 2023, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction due to improper service of process. In September 2023, the defendant filed a second motion pursuant to CPLR 3211(a)(8) to dismiss the complaint, on the ground that the defendant was not subject to personal jurisdiction under New York's long-arm statute (see CPLR 302). The Supreme Court denied both motions. The defendant appeals.

"It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Bank of N.Y. Trust Co., N.A. v Herbin, 241 AD3d 1247, 1248 [internal quotation marks omitted]; see Hossain v Fab Cab Corp., 57 AD3d 484, 485). "Personal service on a corporation must be made to one of the persons authorized by the statute to accept service" (Flatow v Goddess Sanctuary & Spa Corp., 233 AD3d 656, 658 [internal quotation marks omitted]; see CPLR 311[a][1]; Finnegan v Trimarco, 173 AD3d 691, 693). Here, the plaintiff properly served a corporate officer of the defendant pursuant to CPLR 311(a)(1) (see Kaywood v Cigpak, Inc., 258 AD2d 623, 623). Accordingly, the Supreme Court properly denied the defendant's first motion [*2]pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction based on improper service.

The defendant's second motion pursuant to CPLR 3211(a)(8) to dismiss the complaint, based on lack of personal jurisdiction pursuant to CPLR 302(a)(1), was also properly denied, as violative of the single motion rule, as this argument could have been raised in the defendant's initial motion (see id. § 3211[e]; TRB Acquisitions LLC v Yedid, 225 AD3d 508; 41st Rd. Props., LLC v Wang Real Prop., LLC, 164 AD3d 455, 459).

In light of our determination, we need not reach the defendant's remaining contention.

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court